1

**BAKER LAW PC**
G. Richard Baker (SBN 224003)
2229 First Avenue North
Birmingham, Alabama 35203
205.241.9608
205.449.0050 (facsimile)
richard@bakerlawpc.com

**WILENTZ GOLDMAN & SPITZER P.A.**
Kevin P. Roddy (SBN 128283)
Phillip A. Tortoreti (*pro hac vice* to be filed)
Daniel R. Lapinski (*pro hac vice* to be filed)
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, New Jersey 07095
732.636.8000
732.726.4735 (facsimile)
kroddy@wilentz.com
ptortoreti@wilentz.com
dlapinski@wilentz.com

*Attorneys for Plaintiffs*

**JACKSON & TUCKER, PC**
Joseph L. Tucker (*pro hac vice* to be filed)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535
205.252.3536 (facsimile)
josh@jacksonandtucker.com

**DL LAW GROUP**
David D. Lilienstein (SBN 218923)
345 Franklin Street
San Francisco, CA 94102
415.271.7169
415.358.8484 (facsimile)
David@DLLawGroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

CV10-01139 PVT

| | |
|---|---|
| Lauren Ries and Serena Algozer, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Hornell Brewing Company, Inc., Beverage Marketing USA, Inc., AriZona Corp. Inc., Palm Beach Brewing Co., LLC., Ferolito, Vultaggio & Sons, Inc.<br><br>Defendants. | CIVIL ACTION CASE NO:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*, 17500 *ET SEQ*, AND THE CONSUMERS LEGAL REMEDIES ACT ("CLRA") CIVIL CODE § *1750 ET SEQ.***<br><br>Request For a Jury Trial Of All Issues Triable By A Jury |

### CLASS ACTON COMPLAINT

Plaintiffs, by and through undersigned counsel, bring this action both on their own behalf and on behalf of two classes defined below ("Class A" and "Class B") comprised of all other individuals similarly situated within the State of California, pursuant to California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), California's False Advertising Law Business and Professions Code §§ 17500, *et seq.* ("FAL") and The Consumers Legal Remedies Act Civil Code § 1750, *et seq.* ("CLRA"), against Hornell Brewing Company, Inc, Beverage Marketing USA, Inc; AriZona Corp. Inc., Palm Beach Brewing Co. LLC; and Ferolito, Vultaggio & Sons, Inc. (collectively referred to as "AriZona" or "Defendants"). Plaintiffs assert that the Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of describing their AriZona Tea drink products as "100% Natural" "Natural" or "All Natural" (hereinafter referred to, collectively, as "All Natural Products") when these drink products contain non-natural or artificial ingredients, such as High Fructose Corn Syrup ("HFCS") and citric acid. See Ex. A attached hereto.

In addition, Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of listing fruit(s) in the name of certain of their drink products or depicting fruit(s) on the label of certain products, when in fact these drink products do not contain a significant amount of the fruit listed in the product's name or depiction on the label (the "Fruit Products"). For example, one drink product manufactured and sold by the Defendants is named "No Carb Blueberry Green Tea", with depictions of blueberries on the label. See Ex. B attached hereto. The drink product does not juice of any kind according to the ingredient list on the back of the containers. Another product is called "No Carb White Cranberry & Apple Green Tea". The packaging does not list cranberry or apple as ingredients. See Ex. C attached hereto.

### I.      INTRODUCTION

1.      Plaintiffs brings this action both on their own behalf and on behalf of two putative Classes they seek to represent to redress Defendants' deceptive, misleading and untrue advertising and unlawful, unfair and fraudulent business acts and practices related to the manufacture, marketing, advertising, sale and distribution of the Defendants' "All Natural Products" and "Fruit Products".

1   2.      As discussed in detail below, as part of a scheme to make their "All Natural Products"

2   more appealing to consumers, boost sales and increase profits, Defendants prominently stated in

3   marketing, advertising, point of sale materials, labeling and packaging that their products were "All

4   Natural."  Indeed, Defendants' website www.drinkarizona.com  proclaims "100% Natural" on the

5   introductory screen..

6   3.      A reasonable consumer would, therefore, be under the impression and belief that all of

7   the Defendants' AriZona drink products are "All Natural".  This belief is further reinforced by

8   Defendants' mantra "Here's to your health", which is also prominent in their advertising and

9   marketing materials, and on their website.

10   4.      Terms such as "All Natural" and "100% Natural" are used by manufacturers, such as the

11   Defendants, to induce consumers, such as the Plaintiffs and the members of the putative classes,

12   into believing that the product being described contains only naturally occurring ingredients, does

13   not contain chemically altered or man-made ingredients, is not altered using a patented enzymatic

14   process, and therefore, that the product is natural and healthy.

15   5.      By using this "All Natural" marketing scheme, Defendants are stating that their products

16   are superior to, better than, and more nutritious than competing products that do not proclaim to be

17   "all natural".

18   6.      As part of a scheme to make their AriZona drink products more attractive to consumers,

19   boost their sales and ultimately increase their profits, Defendants also marketed, advertised, labeled

20   and packaged several drink products with the name and depictions of fruits, such as "Blueberry" and

21   "Cranberry and Apple",  prominent in the product's name and depictions on the label.

22   7.      The Defendants' use of the name of a fruit in a drink name or depiction of a fruit on the

23   label is designed to induce consumers into believing that the product being described contains a

24   substantial amount of the named or depicted fruit.  This is done to induce consumers into believing

25   that they were making a healthy choice when they purchased these products, and to foster the belief

26   that these products were superior to, better, and more nutritious than competing products.

27   8.      As a direct result of its misleading, deceptive, and untrue advertising and its unlawful,

28   unfair and fraudulent business practices related to both the "All Natural Products" and the "Fruit

1    Products", Defendants caused Plaintiffs and other members of the Classes to purchase, purchase

2    more of, or pay more for, these AriZona products.

3      9.      Plaintiffs and the members of the putative Classes would have made different

4    purchasing decisions had they known that the "All Natural Products" contained one or more non-

5    natural or artificial ingredient(s), such as High Fructose Corn Syrup and artificial citric acid, which

6    has in turn caused Plaintiffs and the Classes injury.

7      10.      Similarly, Plaintiffs and the members of the putative Classes would have made different

8    purchasing decisions had they known that the "Fruit Products" did not contain a substantial amount

9    of the fruit listed in the product name or depicted on the product label, which has in turn caused

10    Plaintiffs and the Classes to incur millions of dollars in losses.

11    **II.**      **PARTIES**

12      11.      Plaintiff Lauren Ries is an individual adult resident citizen of San Jose, California.

13    Plaintiff Algozer is an individual adult resident citizen of San Francisco, California.

14      12.      Plaintiff Ries and Plaintiff Algozer have purchased and consumed some of both the

15    "All Natural Products" and the "Fruit Products" made the basis of this complaint during the class

16    period.

17      13.      Plaintiffs purchased the offending products for their own consumption in Santa Clara

18    County, San Francisco County, and elsewhere in California during the period of time relevant to

19    this action.

20      14.      Plaintiffs are "consumers" and "real parties in interest" as required to bring this action

21    and as set out in Civil Code § 1780(a). Moreover, Plaintiffs suffered damages and injury as a result

22    of Defendants' conduct as alleged hereto.

23      15.      Defendant Hornell Brewing Company, Inc. is a New York corporation/company with its

24    principal executive offices located in Woodbury, New York. This Defendant is licensed to do

25    business in the State of California. This Defendant advertises markets, sells and distributes the

26    products at issue throughout the United States, including in this Judicial District.

27      16.      Defendant Beverage Marketing USA Inc. is a New York corporation with its principal

28    executive offices located in Lake Success, New York. Upon information and belief, this

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

1    Defendant advertises markets, sells and distributes the products at issue throughout the United

2    States, including in this Judicial District.

3        17.     Defendant, Ferolito, Vultaggio & Sons, Inc. (hereinafter "Ferolito") is a New York

4    corporation with its principal executive offices located in Lake Success, New York. Upon

5    information and belief, this Defendant advertises markets, sells and distributes the products at issue

6    throughout the United States, including in this Judicial District.

7        18.     AriZona Corp. Inc.,  is a New York corporation with its principal executive offices

8    located in Lake Success, New York. Upon information and belief, this Defendant advertises

9    markets, sells and distributes the products at issue throughout the United States, including in this

10   Judicial District.

11       19.     Palm Beach Brewing Co. LLC, is a New York company with its principal executive

12   offices located in Lake Success, New York. Upon information and belief, this Defendant advertises

13   markets, sells and distributes the products at issue throughout the United States, including in this

14   Judicial District.

15   **III.     JURISDICTION AND VENUE**

16       20.     The claims made by the Plaintiffs on their behalf and on behalf of and other members of

17   Class A and Class B are brought pursuant to the UCL, the FAL and the CLRA for relief including,

18   injunctive relief and restitution well in excess of $5,000,000.00, exclusive of interests and costs.

19   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2).

20       21.     This Court has diversity jurisdiction over the subject matter of this action pursuant to 28

21   U.S.C. § 1332(d)(2)(A), 28 U.S.C. § 1332(a)(1) and 29 U.S.C. § 1367.

22       22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the

23   events, omissions and harm occurred to Plaintiffs in Santa Clara County.

24       23.     Plaintiff Ries is a resident citizen of Santa Clara County, California, and thus a resident

25   citizen of this Judicial District, as well as this Division. The affidavit of Plaintiff Ries is filed

26   concurrently with this Complaint as Exhibit D.  Plaintiff Algozer is a resident citizen of San

27   Francisco County, California, and thus a resident citizen of this Judicial District.  The affidavit of

28   Plaintiff Algozer is filed concurrently with this Complaint as Exhibit E.

1   24.   Defendants market, sell, and distribute their products in this Judicial District, and this

2   Division,  and are therefore, subject to personal jurisdiction in the Northern District, San Jose

3   Division.

4   **IV        FACTUAL ALLEGATIONS**

5   25.   This action seeks redress for Defendants' deliberate and unlawful mislabeling and

6   misbranding of drink products as being "All Natural", "Natural" "100% Natural" or similar

7   misrepresentations of AriZona products which contain one or more non-natural or artificial

8   ingredients, such as High Fructose Corn Syrup ("HFCS").

9   26.   Plaintiffs also seek redress for Defendants' deliberate and unlawful mislabeling and

10   misbranding of  drink products that do not contain a substantial amount of the fruit identified in the

11   product's name or depictions on the labels.

12   27.   The Defendants are in the business of producing, distributing and marketing beverage

13   products to the general public throughout the United States and in many foreign countries.

14   28.   Their website, as well as the labels on the "All Natural Products" at issue contain the

15   words "All Natural", "100% Natural", "Natural" or similar phrases.  However, these products are

16   not "Natural" because they contain the artificial ingredients, HFCS and citric acid, which are listed

17   on the ingredient panel on the back of the products.  (See Exhibit A).

18   29.   HFCS does not occur naturally, instead it is produced by milling corn to produce corn

19   starch, then processing that corn starch to yield corn syrup, which is almost entirely glucose, and

20   then adding enzymes which change the glucose to fructose.  The resulting syrup (after enzyme

21   conversion) contains 90% fructose and is known as HFCS 90.  To make the other common forms of

22   HFCS, the HFCS 90 is mixed with 100% glucose corn syrup in the appropriate ratios to form the

23   desired HFCS.  HFCS 55 is commonly used to sweeten soft drinks and other processed foods.  The

24   enzyme process which changes the 100% glucose corn syrup into HFCS 90 is complicated and

25   requires at least three steps.

26   30.   First, cornstarch is treated with alpha-amylase to produce shorter chains of sugars called

27   oligosaccharides.

28   31.   Second, glucoamylase breaks the sugar chains down even further to yield the simple

BAKER LAW PC

2229 First Avenue North
Birmingham, Alabama 35203

6

1    sugar glucose.

2    32.    Third, Xylose isomerase converts glucose to a mixture of about 42% fructose and 50-

3    52% glucose with some other sugars mixed in.

4    33.    Defendants use HFCS in their products for a variety of reasons, all of which benefit their

5    monetary interests.  First, HFCS is often cheaper to use than alternative sweeteners due to the

6    relative abundance of corn and the relative lack of sugar beets, as well as farm subsidies and sugar

7    import tariffs in the United States.  Second, HFCS is also easier to blend and transport because it is

8    a liquid.  Third, HFCS usage leads to products with a much longer shelf life.

9    34.    The complicated process used to create HFCS does not occur in nature; in fact, no

10   HFCS existed before 1957, the year that the process to create it was invented.  Therefore, any

11   product containing HFCS cannot be "All Natural", "100% Natural" or "Natural."

12   35.    Furthermore, the molecules in HFCS (and Defendants' "All Natural Products") were not

13   extracted from natural sources, but instead were created through enzymatically catalyzed chemical

14   reactions in factories.

15   36.    When one examines the process used to create HFCS, it is obvious why it is misleading

16   to consumers to label products that contain HFCS as "Natural".  Indeed the processes used to create

17   HFCS are patented, and thus by definition cannot be natural, as natural processes, such as

18   photosynthesis cannot be patented.

19   37.    Because HFCS is a man-made product that does not occur in Nature, its use in

20   Defendants' products which are labeled "Natural", "All Natural" "100% Natural" or similar

21   language is deceptive and misleading to consumers, including the Plaintiffs and the members of the

22   Classes which they seek to represent.

23   38.    Similarly, many of Defendants' "all natural" products contain citric acid, a man-made

24   ingredient.  The chemical formula for citric acid is $C_6H_8O_7$.  It is used in citrus fruits and sodas.  It

25   is produced from certain strains of the mold Aspergillus niger.

26   39.    In this chemical process, cultures of Aspergillus niger are fed on a sucrose or

27   glucose–containing medium to produce citric acid.

28   40.    After the mold is filtered out of the resulting solution, citric acid is isolated by

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

7

1   precipitating it with lime to yield calcium citrate salt, from which citric acid is regenerated by

2   treatment with sulfuric acid.

3       41.     Several of Defendants' drink products are prominently labeled "All Natural", but

4   contain citric acid, a man-made substance as described above, consumers such as the Plaintiffs and

5   the members of the Classes which they seek to represent are reasonably misled and deceived.

6       42.     Defendants represent to consumers that their products are "Natural",when they are not

7   because they contain one or more non-natural, man-made or artificial ingredient(s) as described

8   above.

9       43.     Similarly, the Defendants market, fruit products such as "No Carb Blueberry Green

10  Tea" that do not contain a substantial amount of the fruit named or depicted on the label.  The same

11  is true of Defendants "No Carb White Cranberry & Apple Green Tea" fruit drink product.  (See

12  Exhibit C).

13      44.     Because these drink products prominently list the name of a fruit or fruits and depict

14  them on the label, but do not contain a substantial amount of the named or depicted fruit(s),

15  consumers such as the Plaintiffs and the members of the Classes which they seek to represent are

16  reasonably misled and deceived.

17      45.     The Defendants' culpability is exacerbated by claims, such as those found on the

18  Defendants' website, of the health benefits of consuming their Arizona drink products.  For

19  example, the Defendants' website, as well as point of sale materials state "Here's to your health"

20  and similar phrases intended to mislead any reasonable consumer about the health benefits of their

21  drink products.  In addition, the Defendants market products such as "AriZona Energy Herbal

22  Tonic" and "AriZona Rx Stress Tea" which are clearly designed to deceive consumers into

23  believing that these drink products are healthy and natural drinks.

24      46.     Defendants do not mention that the "All Natural Products" contain the artificial

25  ingredients, HFCS and citric acid, except in inconspicuous and hard-to-read type in the

26  "Ingredients" panel on the back or sides of these products.

27      47.     Defendants also sell "Fruit Products" which prominently incorporate the name and

28  depiction of a fruit, such as "No Carb Blueberry Green Tea" and "No Carb White Cranberry &

1    Apple Green Tea", while failing to mention that these products do not contain a significant amount

2    of the fruit named or depicted.

3        48.      Defendants are purposefully manipulating the labeling of the products in violation of the

4    UCL, FAL and CLRA.

5        49.      Plaintiffs purchased several of the Defendants' "All Natural Products" and "Fruit

6    Products" during the "Class Period" covered by this complaint.

7        50.      In making these purchases, Plaintiffs were looking for a healthy and natural product.

8        51.      Plaintiffs relied on the representations that the "All Natural Products" they purchased

9    were "All Natural" and reasonably assumed that this representation indicated that these products

10   contained either ingredients found in nature or ingredients minimally processed from things found in

11   nature. Plaintiffs did not know that the Defendants' products contained one or more non-natural or

12   artificial ingredients, including HFCS. Plaintiffs do not consider HFCS to be a "natural" ingredient.

13       52.      Plaintiffs also relied on the representations that Defendants' "Fruit Products" which they

14   purchased contained a substantial amount of the named fruit or depicted fruit and reasonably

15   assumed that this representation prominently displayed as part of the product name and depiction on

16   the label indicated that these products contained a significant amount of that fruit. Plaintiffs did not

17   know that "Fruit Products" did not contain any actual fruit of the kind named or depicted on the

18   label.

19       53.      Plaintiffs naturally and reasonably relied on the labels and advertising created by the

20   Defendants and did not double-check those representations against the ingredient list in small type

21   on the back of the container.

22       54.      Had Plaintiffs not been deceived by the labels, they would not have purchased these

23   products.

24   V.        **CLASS ACTION ALLEGATIONS**

25       55.      Plaintiffs bring this class action for California consumers pursuant to Rule 23 of the

26   Federal Rules of Civil Procedure. Plaintiffs bring this action on behalf of themselves and all

27   members of a the following two classes comprised of:

28               **Class A: All persons in California who purchased any of Defendants'**
                 **"All Natural Products" which contained High Fructose Corn Syrup**

BAKER LAW PC

2229 First Avenue North
Birmingham, Alabama 35203

or citric acid during the "Class Period" and which were marketed, advertised or labeled as being "All Natural", "Natural" or "100% Natural".

**Class B:** All persons in California who purchased any of Defendants' "Fruit Products" during the "Class Period" which included the name of a fruit in the product name or a depiction of a fruit on the label, but which did not contain a substantial amount of that fruit.

56.     Excluded from the Classes are employees and agents of Defendants, the Judge and his/her relatives back to the 2nd degree of affinity, officers and directors of any Defendant, and counsel for Plaintiffs and the Classes.

57.     The "Class Period" is defined as being the four (4) years immediately preceding the filing of this action.

58.     Plaintiffs aver that the proposed classes are so numerous that joinder of all members is impracticable.  Upon information and belief, Plaintiff alleges that there are tens of thousands of members in each of the proposed classes.

59.     There are many common questions of law and fact involving and affecting the parties to be represented.  These common questions of law or fact predominate over any questions affecting only individual members of the Classes.  Common questions include, but are not limited to, the following:

a.      Whether Defendants misrepresent the ingredients, characteristics or other aspects of their "All Natural Products" and/or "Fruit Products";

b.      Whether Defendants mislabel their "All Natural Products" and/or "Fruit Products";

c.      Whether Defendants' misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

d.      Whether Defendants' mislabeling of their products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

e.      Whether Defendants' mislabeling of the products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

1

2       f.      Whether Defendants' misrepresentations are unlawful, unfair or

3               fraudulent under California Business and Professions Code § 17200, *et seq.*;.

4

5       g.     Whether Defendants' knew, or by the exercise of reasonable care should have

6               known, that their misrepresentations and mislabeling of their products were

7               untrue or would be misleading to a reasonable consumer;

8       h.     Whether Defendants knowingly and intentionally concealed from Plaintiffs

9               and members of Class A and Class B that their "All Natural Products" and/or

10             "Fruit Products" were mislabeled and that the ingredients were

11             misrepresented;

12      i.      Whether Defendants engaged in unfair and deceptive conduct in violation of

13             California Civil Code section 1750, *et seq.*

14      j.      Whether Defendants engaged in unfair and deceptive conduct in violation of

15             California Civil Code section 1770(a)(5) which prohibits: "Representing that

16             goods or services have sponsorship, approval, characteristics, ingredients,

17             uses, benefits, or quantities which they do not have or that a person has a

18             sponsorship, approval, status, affiliation, or connection which he or she does

19             not have."

20      k.     Whether Defendants engaged in unfair and deceptive conduct in violation of

21             California Civil Code section 1770(a)(7) which prohibits:  "Representing that

22             goods or services are of a particular standard, quality, or grade, or that goods

23             are of a particular style or model, if they are of another."

24      l.      Whether Plaintiff and other members of the proposed Classes have been

25             injured or suffered losses and, if so, the extent of their injury or loss;

26      m.    Whether Defendants should be enjoined from engaging in the conduct

27             complained of herein; and,

28      n.     Whether Defendants have been unjustly enriched through the wrongful

1        conduct set forth herein.

2        60.     Plaintiffs' claims as representatives of the Class A and Class B are typical of the claims

3    of the absent class members.  Plaintiffs will fairly and adequately protect the interests of the two

4    Classes, and have retained attorneys experienced in class and complex litigation as their counsel.

5        61.     The prosecution of individual actions by members of Class A or Class B would create

6    the risk of: (1) inconsistent or varying adjudications with respect to individual members of the

7    Classes which would establish incompatible standards of conduct for Defendants; and (2)

8    adjudications with respect to individual members of the Classes which would, as a practical matter,

9    be dispositive of the interests of the other members not parties to the adjudications or substantially

10   impair or impede their ability to protect their interests.

11       62.     Defendants have acted or refused to act on grounds generally applicable to the Classes,

12   thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to

13   the advertising, marketing and labeling of Defendants' "All Natural Products" and "Fruit Products".

14       63.     Plaintiffs aver that the prerequisites for class action treatment apply to this action and

15   that questions of law or fact common to the members of Class A and Class B predominate over any

16   questions affecting only individual members, and that a class action is superior to other available

17   methods for the fair and efficient adjudication of the controversies which are the subject of this

18   action.

19       64.     Plaintiffs further state that the interests of judicial economy will be served by

20   concentrating litigation concerning these claims in this Court, and that the management of the

21   proposed Classes will not be difficult.

22   **VI.        FIRST CAUSE OF ACTION**

23       (Business and Professions Code § 17500, *et seq.* - Misleading and Deceptive Advertising)

24       65.     Plaintiffs repeat each and every allegation contained in the paragraphs above and

25   incorporate such allegations by reference herein.

26       66.     Plaintiffs assert this cause of action for violations of California Business and Professions

27   Code §17500, *et seq*. for misleading and deceptive advertising against Defendants.

28       67.     At all material times, Defendants have engaged in a scheme of offering for sale "All

1  Natural Products" to Plaintiffs and other members of Class A by way of, *inter alia*, the World Wide

2  Web (Internet), product packaging and labeling, commercial advertisements, and other promotional

3  materials. These "All Natural Products" actually contain HFCS, an artificial and man-made

4  ingredient.

5      68.     In addition, Defendants have engaged in a scheme of offering for sale "Fruit Products"

6  to Plaintiffs and other members of Class A by way of, *inter alia*, the World Wide Web (Internet),

7  product packaging and labeling, commercial advertisements, and other promotional materials.

8  These "Fruit Products" do not contain a substantial amount of the fruit named.

9      69.     Said labeling and other representations were made within the State of California and

10  come within the definition of advertising as contained in Business and Professions Code §17500, *et*

11  *seq.* in that such promotional materials and product labeling are intended as inducements to

12  purchase the products and are statements disseminated by Defendants to Plaintiffs and the members

13  of Class A and Class B and are intended to reach these consumers.

14      70.     Defendants knew, or in the exercise of reasonable care should have known, that these

15  statements would be misleading and deceptive to the reasonable consumer.

16      71.     In furtherance of said plan and scheme, Defendants have manufactured and distributed

17  within the State of California, via the World Wide Web (Internet), product packaging and labeling,

18  commercial advertisements and other promotional materials containing statements that falsely

19  advertise the true nature of their "All Natural Products" and "Fruit Products".

20      72.     The "All Natural Products" contain an artificial man-made sweetener, HFCS, as well as

21  man-made citric acid..

22      73.     The "Fruit Products" do not contain a substantial amount of the fruit listed in the

23  product's name.

24      74.     Consumers, including Plaintiffs and the members of Class A and Class B, necessarily

25  and reasonably relied on the label and other marketing materials for these products.

26      75.     Consumers, including Plaintiffs and the members of Class A and Class B, were among

27  the intended targets of these representations and statements.

28      76.     The above acts of Defendants, in disseminating said misleading and deceptive

**BAKER LAW PC**
2229 First Avenue North
Birmingham, Alabama 35203

representations and statements throughout the State of California to consumers, including Plaintiffs and members of Class A and Class B, were and are likely to deceive reasonable consumers, including Plaintiffs and other members of the Classes by obfuscating the nature of the ingredients of the "All Natural Products" and "Fruit Products", all in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*

77. As a result of the above violations of the misleading prong of Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiffs and the other members of Class A and Class B.

78. Plaintiffs and the members of Class A and Class B, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for the "All Natural Products" or "Fruit Products" as a result of the wrongful conduct of Defendants.

79. WHEREFORE, Plaintiffs pray for relief, for herself and for the members of Class A and Class B, as set forth below.

**VII.     SECOND CAUSE OF ACTION**

(Business and Professions Code § 17500, *et seq.* - Untrue Advertising)

80. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference therein.

81. Plaintiffs assert this cause of action for violations of California Business and Professions Code § 17500, et seq. for untrue advertising against Defendants.

82. At all material times, Defendants have engaged in a scheme of offering for sale "All Natural Products" to Plaintiffs and the other members of Class A, and "Fruit Products" to Plaintiffs and the other members of Class B by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials.

83. The "All Natural Products" contain an artificial man-made sweetener, HFCS, as well as man-made citric acid.

84. The "Fruit Products" do not contain a substantial amount of the fruit listed in the

1    product's name or depiction on the labels.

2        85.    Consumers, including Plaintiffs and the members of Class A and Class B, necessarily

3    and reasonably relied on the front of the label and other marketing materials for these products.

4        86.    Consumers, including Plaintiffs and the members of Class A and Class B, were among

5    the intended targets of these representations and statements.

6        87.    The above acts of Defendants, in disseminating said misleading and deceptive

7    representations and statements throughout the State of California to consumers, including Plaintiffs

8    and members of Class A and Class B, were and are likely to deceive reasonable consumers,

9    including Plaintiff and other members of the Classes, by obfuscating the nature of the ingredients of

10   the "All Natural Products" and "Fruit Products", all in violation of the "untrue" prong of California

11   Business and Professions Code §17500, *et seq.*

12       88.    Plaintiffs and the members of Class A and Class B, pursuant to Business and

13   Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful

14   conduct on the part of Defendants, and such other orders and judgments which may be necessary to

15   disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for the

16   "All Natural Products" or "Fruit Products" as a result of the wrongful conduct of Defendants.

17       89.    WHEREFORE, Plaintiffs pray for relief, for themselves and for the members of Class A

18   and Class B, as set forth below.

19   **VIII.    THIRD CAUSE OF ACTION**

20          (Business and Professions Code § 17200, *et seq.* - Unlawful Business Acts and Practices)

21       90.    Plaintiffs repeat each and every allegation contained in the paragraphs above and

22   incorporate such allegations by reference herein.

23       91.    Such acts of Defendants, as described above, and each of them, constitute unlawful

24   business acts and practices.

25       92.    Manufacturing, marketing, advertising, selling and distributing the "All Natural

26   Products" when, in fact, they contain the artificial man-made ingredient HFCS, is unlawful.

27       93.    Manufacturing, marketing, advertising, selling and distributing the "Fruit Products"

28   which, in fact, do not contain a substantial amount of the named fruit, is unlawful.

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

15

94.     The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"), which also forbids deceptive advertising, among other things.

95.     The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq.* by virtue of violating Business and Professions Code §17500, *et seq.*, which forbids untrue advertising and misleading advertising.

96.     The business practices alleged above are also unlawful as a breach of an express warranty under California Commercial Code § 2313 and as a breach of implied warranty of fitness for a particular purpose under California Commercial Code § 2315.

97.     As a result of the wrongful business practices described above, Plaintiffs and the members of Class A and Class B, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendants.

98.     The above-described unlawful business acts and practices of Defendants, and each of them, present a reasonable likelihood of deception to Plaintiffs and members of Class A and Class B in that Defendants have systematically perpetrated and continue to perpetrate such acts or practices upon members of the Classes by means of misleading advertising and marketing.

99.     WHEREFORE, Plaintiffs prays for relief, for herself and for the members of Class A and Class B, as set forth below.

## IX.     **FOURTH CAUSE OF ACTION**

(Business and Professions Code § 17200, *et seq.* - Unfair Business Acts and Practices)

100.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

101.    Such acts of Defendants, as described above, and each of them, constitute unfair business acts and practices.

102.    Plaintiffs, and other members of Class A who purchased any of the "All Natural

1   Products" suffered a substantial injury by virtue of buying a product they would not have purchased

2   absent Defendants' unfair advertising, by virtue of buying more of these products they would have

3   absent Defendants' unfair advertising, or by paying more for these products than they would have

4   absent the Defendants' unfair advertising.

5       103.    Plaintiffs, and other members of Class B who purchased any of the "Fruit Products"

6   suffered a substantial injury by virtue of buying a product they would not have purchased absent

7   Defendants' unfair advertising, by virtue of buying more of these products they would have absent

8   Defendants' unfair advertising, or by paying more for these products than they would have absent

9   the Defendants' unfair advertising.

10      104.    There is no benefit to consumers or competition by falsely advertising these products.

11  Indeed, the harm to consumers and competition is substantial.

12      105.    Plaintiffs and other members of Class A who purchased the "All Natural Products" had

13  no way of reasonably knowing that Defendants products were not "All Natural", as labeled and

14  otherwise advertised.

15      106.    Plaintiffs and the other members of Class B who purchased the "Fruit Products" had no

16  way of knowing that these product did not contain any substantial amount of the fruit in the product

17  name or depicted on the product label.

18      107.    Thus, these consumers could not have reasonably avoided the injury each of them

19  suffered.

20      108.    The gravity of the consequences of Defendants' conduct as described above outweighs

21  any justification, motive or reason therefore, particularly considering the available legal alternatives

22  which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public

23  policy or is substantially injurious to Plaintiffs and other members of the Classes.

24      109.    As a result of the business acts and practices described above, Plaintiffs and the

25  members of Class A and Class B, pursuant to Business and Professions Code § 17203, are entitled

26  to an order enjoining such future wrongful conduct on the part of Defendants, and such other orders

27  and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to

28  any person in interest any money paid for the products as a result of the wrongful conduct of

1    Defendants.

2        110.    WHEREFORE, Plaintiffs pray for relief, for themselves and for the members of Class A

3    and Class B, as set forth below.

4    **X.        FIFTH CAUSE OF ACTION**

5        (Business and Professions Code § 17200, *et seq*. - Fraudulent Business Acts and Practices)

6        111.    Plaintiffs repeat each and every allegation contained in the paragraphs above and

7    incorporate such allegations by reference herein.

8        112.    Such acts of Defendants as described above, and each of them, constitute fraudulent

9    business practices under California Business and Professions Code sections § 17200, *et seq*.

10       113.    As more fully described above, the labeling of the "All Natural Products"is likely to

11   deceive reasonable California purchasers, such as the Plaintiffs and the members of Class A.

12       114.    As more fully described above, the labeling of the "Fruit Products" is likely to deceive

13   reasonable California consumers, such as the Plaintiffs and the members of Class B,

14       115.    Indeed, Plaintiffs and other members of Class A were unquestionably deceived into

15   believing the products they purchased were "All Natural", when in fact, they contained the artificial,

16   man-made ingredients, HFCS and citric acid.

17       116.    Plaintiffs and the members of Class B were also deceived into believing that the

18   products they purchased contained a substantial amount of the fruit listed in the name of the product

19   or depicted of product labels.

20       117.    Said acts are fraudulent business acts and practices.

21       118.    This fraud and deception caused Plaintiffs and members of the Classes to purchase the

22   products in question, to purchase more of the products than they would have, or to pay more than

23   they would have, had they known the true nature of the products.

24       119.    As a result of the business acts and practices described above, Plaintiffs and the

25   members of Class A and Class B, pursuant to Business and Professions Code § 17203, are entitled

26   to an order enjoining such future wrongful conduct on the part of Defendants, and each of them, and

27   such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains

28   and to restore to any person in interest any money paid for the products at issue as a result of the

1   wrongful conduct of Defendants.

2      120.     WHEREFORE, Plaintiffs pray for relief, for themselves and for the members of Class A

3   and Class B, as set forth below.

4   **XI.**      **<u>SIXTH CAUSE OF ACTION</u>**

5   (California Civil Code § 1750, *et seq.* - The Consumers Legal Remedies Act)

6                       (Injunctive and Declaratory Relief Only)

7      121.     Plaintiffs incorporate by reference each preceding paragraph as though fully set forth at

8   length herein.

9      122.     Plaintiffs brings this action pursuant to California's Consumer Legal Remedies Act

10   ("CLRA") California Civil Code § 1750, et seq.

11      123.     The CLRA provides that "unfair methods of competition and unfair or deceptive acts or

12   practices undertaken by any person in a transaction intended to result or which results in the sale or

13   lease of goods or services to any consumer are unlawful." At this time, Plaintiffs, for themselves and

14   on behalf of the members of Class A and Class B seeks only injunctive relief under the CLRA.

15      124.     By this action, Plaintiffs seeks to enjoin the unfair, unlawful, and deceptive acts and

16   conduct of the Defendants as more fully described above.

17      125.     The "All Natural Products" and "Fruit Products" at issue are "goods" as defined by the

18   CLRA in California Civil Code § 1761(a).

19      126.     Defendants are "persons" as defined by the CLRA in California Civil Code § 1761( c)).

20      127.     Plaintiffs and Members of Class A and Class B are "consumers" as defined by the CLRA

21   in California Civil Code § 1761(d).

22      128.     The buying of the "All Natural Products" by Plaintiffs and the members of Class A are

23   "transactions" as defined by California Civil Code § 1761(e).

24      129.     The buying of the "Fruit Products" by Plaintiffs and the members of Class B are

25   "transactions" as defined by California Civil Code § 1761(e).

26      130.     The mislabeling of the "All Natural Products" and "Fruit Products" is prohibited pursuant

27   to the CLRA, since they are "undertaken by any person in a transaction intended to result or which

28   results in the sale or lease of goods or services to any consumer."

131.    Defendants engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "All Natural Products", when in fact these products contain HFCS and citric acid, both of which are artificial man-made ingredients that do not occur in nature.

132.    Defendants engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "Fruit Products", when in fact these products do not contain a substantial amount of the fruit listed in the product name or depicted on the label.

133.    This unfair and deceptive conduct is a violation of California Civil Code § 1770(a)(5), which prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

134.    This unfair and deceptive conduct is also a violation of California Civil Code § 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

135.    The Defendants' unfair and deceptive acts and conduct have violated, and continue to violate, California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*, because they extend to transactions that are intended to result, or have resulted, in the sale or lease of goods or services to consumers, including the Plaintiff and the members of Class A and Class B.

136.    As a direct and proximate cause of Defendants' unfair and deceptive acts or practices, Plaintiffs and the members of Class A and Class B have suffered damages in that they purchased misbranded products they would not have bought, purchased more of these products than they would otherwise have bought, or paid more for these products than they would have if these products had been honestly advertised and labeled.

137.    Plaintiffs and the members of Class A and Class B seek a preliminary and permanent injunctive relief against the Defendants' unfair and deceptive acts and conduct under the CLRA.

138.    In addition, on May 12, 2008, Plaintiffs served the Defendants by certified mail return receipt requested, with notice and demand to correct, repair, replace or otherwise rectify the unlawful, unfair, false and deceptive practices complained of herein, as required by the CLRA in California Civil Code § 1782.

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

139.    If Defendants fail to do so within thirty (30) days of that demand, Plaintiffs, for themselves and on behalf of the classes will amend this complaint to seek the following relief as allowed under California Civil Code § 1780.

      a.      Actual damages

      b.      Restitution.

      c.      Punitive damages.

      d.      Costs of the action, and reasonable attorneys' fees, pursuant to California Civil Code § 1780(d).

      e.      Any other relief which the Court deems proper.

## XII.    RELIEF DEMANDED

A.    An Order certifying that the action be maintained as a class action with regard to both Class A and Class B, and that the Plaintiffs may serve as representatives of these Classes;

B.    For a preliminary and permanent injunction enjoining Defendants from advertising, representing, or otherwise holding out for sale within the State of California, any products which contain HFCS or citric acid as being "All Natural", "100% Natural" or "Natural";

C.    For a preliminary and permanent injunction enjoining Defendants from advertising, representing, or otherwise holding out for sale within the State of California, any "Fruit Product" unless the label and packaging of said product is changed, altered or modified to clearly state that it does not contain a substantial quantity of the fruit listed in the product name or depicted on the product labels;

D.    An Order requiring Defendants to provide a form of corrective advertising designed to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to their "All Natural Products" and "Fruit Products";

E.    For a judgment of the Court to restore, by way of restitution, refund or reimbursement, to any person in interest, any money acquired by means of Defendants' untrue, deceptive or misleading advertising and/or unfair, unlawful or fraudulent business acts and practices described herein;

F.    Disgorgement of the excessive and ill-gotten monies obtained by Defendants as a result of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts and practices described herein;

1    G.    For an award of attorney fees pursuant to, *inter alia*, Code of Civil Procedure §§ 1021.5 and

2    1032;

3    H.    For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

4    I.    Pre and post-judgment interest; and/or

5    J.    For such other and further relief as this Court deems appropriate or which is allowed for in

6    law or equity.

7    Dated:   March 12th, 2010                                    **BAKER LAW**

8                                                                 A Professional Corporation

9

10   By _____
     G. RICHARD BAKER (SBN 224003)

11   Attorney for Plaintiffs, Individually and
     On Behalf of All Others Similarly

12   Situated

13

14   **JACKSON & TUCKER PC**
     Joseph L. Tucker (*pro hac* to be filed)

15   2229 First Avenue North
     Birmingham, Alabama 35203

16   205.252.3535

17   **WILENTZ GOLDMAN & SPITZER P.A.**          **DL LAW GROUP**
     Kevin P. Roddy (SBN 128283)                 David D. Lilienstein (SBN 218923)

18   Phillip A. Tortoreti (*pro hac vice* to be filed)   345 Franklin Street
     Daniel R. Lapinski (*pro hac vice* to be filed)     San Francisco, CA 94102

19   90 Woodbridge Center Drive                  415.271.7169
     Suite 900 Box 10                            415.358.8484 (facsimile)

20   Woodbridge, New Jersey 07095
     732.636.8000

21   732.726.4735 (facsimile)

22

23

24

25

26

27

28

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

# EXHIBIT
# A







# EXHIBIT
# B







Close

# AriZona

## SUBTLE IN FRUITY NOTES



Click to enlarge.

| Nutrition | |
|---|---|
| **Typical Values** | **Per 100 mL** |
| Energy | 4 kCal |
| Total Fat | 0 g |
| Sodium | 8 mg |
| Total Carbohydrate | 1 g |
| of which Sugars | 0 g |
| Protein | 0 g |

**Ingredients:** premium brewed green tea using filtered water, sorbitol, natural flavours, citric acid, black carrot extract, sucralose, acesulfame potassium

### AriZona No Carb Blueberry

Light in calories, zero in sugar; but you need *not* be in a diet to enjoy this wonderful flavour.

The drink is characterized by a *mild* aroma - distinctive of *Spring Blossoms*.

Our Blueberry Green Tea is *ideal* for any outing or picnic in the countryside.

**<<Previous**

**AriZona No Carb Blueberry Green Tea**

HOME      BUY      HEALTH      RANGE      NEWS      CONTACT

Privacy Policy.                © 2006 American Drinks Limited.                Terms of Use.

# EXHIBIT
# C

Case3:10-cv-01139-RS   Document1   Filed03/17/10   Page31 of 37



Close

# AriZona  ROUND AND MELLOW



🔍 Click to enlarge.

**AriZona No Carb White Cranberry & Apple Green Tea**

| Nutrition | |
| --- | --- |
| **Typical Values** | **Per 100 mL** |
| Energy | 2 kCal |
| Total Fat | 0 g |
| Sodium | 8 mg |
| Total Carbohydrate | 0 g |
| of which Sugars | 0 g |
| Protein | 0 g |

**Ingredients:** premium brewed green tea using filtered water, sorbitol, natural flavours, malic acid, citric acid, sucralose, acesulfame potassium

### AriZona No Carb Apple

Low in calories, zero in sugars - it relieves thirst at the *very* first gulp.

Our White Cranberry Apple Green Tea is apply, tangy, and a terrific "thirst-quencher".

Ideal for any outdoor activity or watching over your favourite sport.

**<<Previous | Next>>**

HOME          BUY          HEALTH          RANGE          NEWS          CONTACT

Privacy Policy.                    © 2006 American Drinks Limited.                    Terms of Use.

# EXHIBIT
# D

## AFFIDAVIT OF LAUREN RIES

Before me, the undersigned authority, personally appeared Lauren Ries who, after being first duly sworn by me, deposes and states under oath that he has personal knowledge of the following:

1.      At all time relevant to these proceedings my residence has been and continues to be the following:

Lauren Ries
2482 Pioneer Avenue
San Jose, CA 95128

2.      I purchased the products at issue in Santa Clara County as well as other locations in California and elsewhere.

3.      I am the Plaintiff in Algozer and Ries v. Arizona Beverage Co. LLC et al, which is being filed concurrently with this affidavit, in the United States District Court for the Northern District of California.

FURTHER AFFIANT SAITH NOT.

_____
AFFIANT – Lauren Ries

STATE OF _Caifornia_        )
COUNTY OF _Santa Clara_     )

SWORN TO AND SUBSCRIBED before me this _18th_ day of _February_, 2010.

MICHELLE ANTONOWICZ
Commission # 1851839
Notary Public - California
Santa Clara County
My Comm. Expires Jun 1, 2013

_____
Notary Public

My Commission expires: _June 1, 2013_.

# EXHIBIT

# E

## AFFIDAVIT OF SERENA ALGOZER

Before me, the undersigned authority, personally appeared Serena Algozer who, after being first duly sworn by me, deposes and states under oath that he has personal knowledge of the following:

1.     At all time relevant to these proceedings my residence has been and continues to be the following:

Serena Algozer
822 39th Avenue
San Francisco, CA 94121

2.     I purchased the products at issue in San Francisco County as well as other locations in California and elsewhere.

3.     I am the Plaintiff in Algozer and Ries v. Arizona Beverage Co. LLC et al, which is being filed concurrently with this affidavit, in the United States District Court for the Northern District of California.

FURTHER AFFIANT SAITH NOT.

×  _Serena Algoz_
AFFIANT – Serena Algozer

STATE OF CALIFORNIA                )
COUNTY OF SAN FRANCISCO        )

SWORN TO AND SUBSCRIBED before me this second day of MARCH                , 2010.

JOHN VINCENT GORMLEY
Commission # 1812753
Notary Public - California
San Francisco County
My Comm. Expires Sep 11, 2012

_____
Notary Public

My Commission expires: SEPTEMBER 11, 2012 .

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1
2
3
4
5
6 *Serena Algozer*
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

State of California

County of San Francisco

Subscribed and sworn to (or affirmed) before me on this

Second day of March , 20 10 , by
Date              Month                    Year

(1) Serena Algozer ,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.

(and

(2) _____ ,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public

Place Notary Seal Above

—————————— **OPTIONAL** ——————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: Affadavit of Serena Algozer

Document Date: March 2nd, 2010   Number of Pages: One

Signer(s) Other Than Named Above: None

RIGHT THUMBPRINT OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827