MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
ROBERT P. DONOVAN (admitted *pro hac vice*)
LEWIS H. GOLDFARB (*pro hac vice* to be filed)
Three Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
rdonovan@mdmc-law.com
lgoldfarb@mdmc-law.com

SEDGWICK, DETERT, MORAN &
ARNOLD LLP
KEVIN J. DUNNE  Bar No. 40030
ANDREW J. KING Bar No. 253962
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
kevin.dunne@sdma.com
andrew.king@sdma.com

Attorneys for Defendants
HORNELL BREWING COMPANY, INC. d/b/a
FEROLITO, VULTAGGIO & SONS, INC., and
BEVERAGE MARKETING USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREN RIES and SERENA ALGOZER, individuals on behalf of themselves and all others similarly situated, <br><br>        Plaintiffs, <br><br>        v. <br><br> HORNELL BREWING COMPANY, INC., BEVERAGE MARKETING USA, INC., and FEROLITO, VULTAGGIO & SONS, INC. <br><br>        Defendants. | CASE NO. CV 10-01139 JF <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT** <br><br> JUDGE:   Hon. Jeremy Fogel <br> CTRM:   3 <br> DATE:   March 4, 2011 <br> TIME:   9:00 a.m. |

CASE NO. CV 10-01139 JF

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS COMPLAINT
SF/2112138V1

1    In opposing Defendants' motion to dismiss, Plaintiffs: (1) mischaracterize Defendants'

2    arguments regarding the statutory grounds cited for express preemption and the claims that

3    Defendants contend are expressly preempted; (2) fail to cite any law which permits Plaintiffs to

4    sue for restitution under the California Consumer Legal Remedies Act ("CLRA") without first

5    furnishing Defendants with the required pre-suit notice; and (3) ignore that the fraud claims do

6    not identify: (a) the specific products Plaintiffs purchased; (b) the dates of Plaintiffs' purchases;

7    (c) the store locations of each purchase; (d) the prices Plaintiffs paid; and (5) the advertisements

8    and marketing items relied upon by Plaintiffs.  Under Fed.R.Civ.P. 9, Plaintiffs cannot satisfy the

9    obligation of pleading fraud with particularity by mere notice pleading.  Requiring Plaintiffs to

10   plead fraud with particularity is especially appropriate here given the outcome of other actions

11   commenced against Defendants, based on virtually identical allegations, wherein other courts

12   determined that no case or controversy existed.[1]

13   **I.    PLAINTIFFS' CLAIMS THAT DEFENDANTS MISBRAND**
14   **BEVERAGES BEARING A FRUIT IN THE NAME OR DEPICTED ON**
     **THE LABEL ARE EXPRESSLY PREEMPTED BY 21 U.S.C. §§341-**
15   **1(a), 343-1(a)(2) AND 343-1(a)(3) BECAUSE PLAINTIFFS SEEK TO**
     **IMPOSE LABELING OBLIGATIONS THAT DIFFER FROM THOSE**
16   **REQUIRED BY FEDERAL LAW.**

17   In opposing the motion, Plaintiffs mischaracterize Defendants' preemption argument.

18   First, Plaintiffs argue that the claims regarding "All Natural" labeling are not preempted.

19   However, as was stated at page 12 in Defendants' motion brief, Defendants are not arguing that

20   the claim that high fructose corn syrup ("HFCS") is artificial is preempted.  Instead, Defendants

21   contend that Plaintiffs' claims that Defendants misbrand their "Fruit Products" are expressly

22   preempted.[2]

23

24   ---

[1]  Attached as Exhibits D and E to Defendants' Request for Judicial Notice are orders of
25   dismissal entered in those two other virtually identical cases (*Hitt v. Arizona Beverage Co* and
     *Covington v. Arizona Beverage Co.*).  Plaintiff has moved to strike these public records from
26   receiving judicial notice and Defendants have addressed that motion to strike separately.

27   [2]  With respect to Plaintiffs' claims of misbranding due to lack of prominence in the statement of
     ingredients, Defendants also seek dismissal of such claims based upon express preemption.
28   Those misbranding claims pertain to all products including beverages labeled "All Natural" and
     that contain HFCS and citric acid.  Plaintiffs' opposition does not address the preemptive scope

1    Plaintiffs erroneously argue that Defendants have not cited to any specific statute in

2    support of express preemption and falsely contend that Defendants seek to apply that doctrine

3    based upon "the breath [sic] of the federal labeling scheme."  That is a mischaracterization of

4    Defendants' argument.  Defendants are relying upon the express preemption provisions under 21

5    U.S.C. § 343-1(a) as well as § 343-1(a)(2) and § 343-1(a)(3).  At pages 2, 3, 9 through 11 and 13

6    in Defendants' motion brief, Defendants cite to 21 U.S.C. § 343-1(a) as well as § 343-1(a)(2) and

7    § 343-1(a)(3) as the statutory grounds for express preemption.  Those statutes are referred to

8    repeatedly and the pertinent provisions contained therein are recited verbatim at pages 9 and 10

9    of the motion brief.  Nevertheless, Plaintiffs disingenuously argue that "Defendants do not argue

10   that § 343-1(a) or any paragraph thereof preempt Plaintiffs' claims."[3]

11   Plaintiffs devote scant attention to the pivotal question of whether Plaintiffs' claims that

12   Defendants misbrand their "Fruit Products" is an action to impose labeling obligations that differ

13   from those imposed under federal law.  The gravamen of Plaintiffs' claim on the labeling of Fruit

14   Products is that the products are deceptively named or depicted on the label.  Plaintiffs allege

15   that Defendants, expressly or through depictions, deceptively refer to their products as containing

16   a fruit juice but that such products contain either an insignificant amount of that juice or do not

17   contain that juice at all.  (Doc. No. 1, page 2; Id. at ¶ 43)

18   At page 6 of their opposition, Plaintiffs contend that the FDA does not regulate the use of

19   specific fruit names of beverages.  That is not the case.  21 U.S.C. § 343(i)(1) governs

20   misbranding of the common and usual names of products and 21 U.S.C. § 343(i)(2) governs the

21   common and usual names of products purporting to be a beverage containing fruit juice.  Claims

22   regarding misbranding under 21 U.S.C. § 343(i)(1) and 21 U.S.C. § 343(i)(2) fall within the

23   express preemption provisions of 21 U.S.C. § 343-1(a), 21 U.S.C. § 343-1(a)(2) and § 343-

24   1(a)(3).

25

26   of 21 USC § 343-1(a)(3) as that statute bears upon the claims of misbranding due to alleged lack
     of prominence in ingredient statements.

27   [3] There is no basis to grant Plaintiffs' request to file a surreply given the fact that 21 USC § 343-

28   1(a) was in fact relied upon and cited to repeatedly by Defendants.

CASE NO. CV 10-01139 JF

SF/2112138V1

1    The FDA's common or usual name regulation for beverages that contain fruit juice is

2    located at 21 C.F.R. § 102.33.  That regulation addresses the proper labeling of beverages and, as

3    such, implements 21 U.S.C. § 343(i)(1), which provides that a beverage is misbranded unless its

4    "label bears . . . the common or usual name of the food."  The regulation provides that, with

5    respect to a "diluted multiple-juice beverage or blend of single-strength juices where one or

6    more, but not all, of the juices are named on the label other than in the ingredient statement, *and*

7    *where the named juice is not the predominant juice*, the common or usual name for the product

8    shall . . . [i]ndicate that the named juice is present as a flavor or flavoring."  § 102.33(d)(1)

9    (emphasis added).

10    Plaintiffs also argue that the FDA regulations do not address representations that a

11    product contains a particular fruit that is not in fact contained therein.  That is untrue.  21 C.F.R.

12    § 101.30(d) regulates how a percentage juice declaration should be made when, *inter alia*, the

13    labeling suggests a fruit juice is contained in the product but no such juice is in fact an

14    ingredient.

15    Because Plaintiffs' claims of misbranding would:  (1) prohibit Defendants from using the

16    names and depictions of fruits on its beverage labels unless those fruit juices were present in the

17    beverage in  "substantial" amounts; and (2) prohibit products from having a fruit in the name

18    regardless of disclosure that no fruit juice was contained in the product, Plaintiffs' claims

19    conflict with the requirements set forth in 21 C.F.R. §§ 102.33 and 101.30(d) and are expressly

20    preempted under 21 U.S.C. § 343-1(a)(2) and (3).

21    Even when a claim may seek to impose a labeling standards different from the federal

22    law, the express preemption provisions of 21 U.S.C. § 343-1(a) can apply.  In *Pom Wonderful v.*

23    *Coca Cola*, 727 F. Supp. 2d 849 (C.D. Cal. 2010), the plaintiff sued Coke for alleged deceptive

24    labeling of the defendant's blueberry pomegranate beverage.  In a prior decision in that case, the

25    court granted, in part, a motion to dismiss on express preemption grounds.  *Id.* at 859.  In that

26    order, the district court ruled that the plaintiff's state law claims for false advertising and unfair

27    competition were expressly preempted under 21 U.S.C. § 343-1 to the extent plaintiff sought to

28

CASE NO. CV 10-01139 JF

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS COMPLAINT

SF/2112138V1

1  impose obligations "not identical to" sections of the FFDCA including implementing regulations.

2  (See Appendix of Unpublished Authorities submitted herewith at Exhibit A.)

3       Plaintiffs here do not directly dispute that their claims that Defendants misbrand their

4  Fruit Products and misbrand all products, due to an alleged lack of label prominence, are actions

5  that will or may impose labeling obligations not identical to the requirements set by federal law.

6  Such claims are expressly preempted by 21 U.S.C. § 343-1(a), 21 U.S.C. § 343-1(a)(2) and §

7  343-1(a)(3). [4]

8     **II.    PLAINTIFFS' RESTITUTION CLAIM IS AN ACTION FOR**

9  **DAMAGES UNDER THE CLRA AND THE DAMAGE CLAIM**

     **SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH PRE-**

10       **SUIT NOTICE REQUIREMENTS.**

11       The issue presented is whether Plaintiffs' complaint, which seeks restitution for acts

12  alleged to be violative under the CLRA, constitutes a claim for damages.  Plaintiffs do not

13  dispute that they are seeking restitution under the CLRA and have offered no law stating that a

14  claim for restitution is not a claim for damages.

15       Plaintiffs argue instead that they "have not claimed actual or putative damages in their

16  operative complaint, but instead advise[d] defendants that they intend to amend their operative

17  complaint to seek actual and putative damages pursuant to § 1782."  Plaintiffs are making the

18  same argument made in *Laster v. Team Mobile USA, Inc.*, 2008 WL 5216255 (S.D. Cal. 2008)

19  ("*Laster II*") where the court rejected the contention that restitution is not damages under the

20  CLRA.  The court in *Laster II* found that the notice requirement pertained to claims for damages

21  including the restitution claim and dismissed the CLRA damage claim with prejudice finding

22  that the notice requirement applied to monetary damages regardless of whether such damages

23  were calculated based upon unjust enrichment of defendant or the plaintiff's loss.  (*Id.* at *17.)

24

25  _____

[4] Plaintiffs cite to *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) in opposing the motion to

26  dismiss but their reliance on that case is misplaced.  *Williams v. Gerber* concerned whether a *prima facie* claim existed under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550

27  U.S. 544 (2007).  *Id.* at 938.  The Ninth Circuit did not address the issue of whether the claims were expressly preempted by the FFDCA and ruled that the defendant was barred, on appeal,

28  from raising that defense.  *Id.* at 937.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS COMPLAINT

SF/2112138V1

1    Plaintiffs also contend that regardless of whether restitution constitutes damages and

2  regardless of whether the complaint seeks such damages, they provided sufficient notice under

3  the CLRA.  In claiming notice was provided, Plaintiffs rely on six letters, all of which are

4  virtually identical in content.  The letters are dated March 12, 2010 and were received after the

5  complaint was filed.  (See Exhibits A through F attached to Plaintiffs' opposition brief).

6  Notwithstanding the fact that these letters were received after the action was commenced,

7  Plaintiffs argue that these letters provided sufficient notice to Defendants.  If Plaintiffs'

8  complaint is ruled to contain a claim for damages under the CLRA, the March 12 letters could

9  not provide the required pre- suit notice.[5]

10    Plaintiffs cite to *Stickrath v. Globalstar, Inc.*, 527 F.Supp.2d 992 (N.D. Cal. 2007) to

11  support their position that they complied with CLRA notice requirements.  However, *Stickrath*

12  supports Defendants' motion because, in that case, the plaintiff sued for an injunction under the

13  CLRA and the court noted that in the complaint the plaintiff "explicitly disavowed any claim for

14  damages under the CLRA."  *Id.* at 1001.  In so finding, the court ruled that the plaintiff had no

15  duty to notify the defendant prior to filing an action.  *Id.*

16    Here, Plaintiffs did not disavow damages in the CLRA section of the complaint.

17  Plaintiffs allege that they suffered damages in the count of the complaint wherein they allege

18  CLRA violations and seek restitution in the relief section.  (Doc. No. 1, ¶ 136; Id. at ¶ XII, (E)).

19  In the relief demanded section, Plaintiffs demand a judgment "to restore, by way of restitution . .

20  . any money acquired by means of Defendants' . . . unfair, unlawful or fraudulent business acts

21  and practices described herein."  *Id.*, Section XII, ¶E.  In the CLRA cause of action, Plaintiffs

22  allege that Defendants engaged in unfair and deceptive acts or practices.  *Id.*, ¶¶ 131-136.  The

23  claim for restitution is based upon alleged acts including conduct claimed to be violative of the

24

25  ───────────────
   [5] Plaintiffs do not address that these letters fail to contain any request to repair or correct the
26  asserted defect.  Plaintiffs cite to the letters but omit the reference to what they demand in the
   correspondence (reimbursement of monies paid).  Putting aside the fact that these letters were
27  received after the action was filed, the correspondence does not contain the required content
   under Cal. Civ. Code § 1782(a) because they do not demand a correction, repair, replacement or
28  rectification.

SF/2112138V1

1  CLRA.  As a general rule, a plaintiff is the master of his or her complaint.  *Hunter v. Philip*

2  *Morris USA et al*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations and quotations omitted.)

3  Plaintiffs have not disclaimed that their present action is one in which they seek restitution for

4  the CLRA violations asserted.  Absent furnishing pre-suit notice, a claim for monetary damages

5  under the CLRA cannot be legally pursued.

6        Plaintiffs argue, alternatively, that in the event they are found to have violated the notice

7  requirements, a dismissal of the CLRA damage should be ordered without prejudice.  However,

8  no reason has been offered to justify such extraordinary relief.  This is not a case where the

9  complaint merely alludes to damages or where any reasonable excuse exists explaining the

10  failure to furnish notice.  Plaintiffs steadfastly claim that they have furnished the required notice

11  even though Defendants received the letters after the complaint was filed.  The purpose of the

12  notice requirement is to provide sufficient notice to allow for correction or replacement and to

13  facilitate pre-complaint settlement.  *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d

14  30, 40-41 (1975).  Plaintiffs have flouted that obligation by filing an action for CLRA damages

15  before any notice was received.

16        To permit Plaintiffs to re-file the claim, so as to pursue an action for CLRA damages

17  already pled, would conflict with the notice provisions under the CLRA which, according to

18  *Outboard Marine Corp.*, are to be strictly adhered to under California law.  *Id.*, 52 Cal. App. 3d

19  at 40-41.  Consistent with the holdings in *Cattie v. Walmart Stores*, 504 F. Supp. 2d 939, 950

20  (S.D. Cal 2007*), Laster v. T-Mobile USA Inc,* 407 F. Supp. 2d 1181, 1196 (S.D. Cal 2005)

21  ("*Laster I*") and *Von Grabe v. Sprint PCS,* 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003), the

22  claims for damages under the CLRA, if dismissed, should be dismissed with prejudice.

23  **III.   PLAINTIFFS' FRAUD ALLEGATIONS DO NOT CONTAIN THE**
**REQUIRED PARTICULARITY MANDATED UNDER RULE 9(b).**

24

25        In opposing the Rule 9 aspect of the motion to dismiss, Plaintiffs mischaracterize

26  Defendants' arguments erroneously contending that "Defendants do not contend they cannot

27  prepare an adequate answer to Plaintiffs' class action complaint."  However, at page 14 of the

28  motion brief, Defendants have made that exact contention arguing that "Plaintiffs' fraud

CASE NO. CV 10-01139 JF

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS COMPLAINT

SF/2112138V1

1  allegations do not give Defendants fair notice so that Defendants can properly defend against

2  such claims."

3    Plaintiffs' complaint fails to set forth, with adequate particularity, allegations of fraud in

4  two material respects. First, with respect to the claims of deceptive labeling, Plaintiffs cite to

5  four (4) labels attached to the complaint. There are approximately 40 different flavors of

6  Arizona beverage products. Some of those products are labeled with a fruit in the name; some of

7  the products do not contain such labeling. Many of the products have had labels that contained

8  the phrase "All Natural" but some beverages do contain such a reference as alleged. Many of the

9  products contain HFCS; some do not have that ingredient. In order to obtain fair notice of the

10  scope of the fraud allegations, it is respectfully submitted that the Plaintiffs should identify all of

11  the labels of products claimed to be violative of California law. Also, in order for Defendants to

12  have fair notice of the fraud claims so as to properly defend against such claims, Plaintiffs'

13  individual claims of fraud should set forth, with more particularity, the dates of alleged purchase,

14  the prices at which the products were purchased, the identity of the products purchased and the

15  stores at which the purchases took place.

16    Second, with respect to the claims of fraud based upon acts of advertising, marketing and

17  promotion (*i.e.*, separate and apart from the labels), there is no allegation of any specific item of

18  advertising, marketing or promotion alleged to be fraudulent. Consistent with Fed.R.Civ.P. 9,

19  Plaintiffs should be required to identify, with particularity, the items of advertising, marketing

20  and promotion claimed to be fraudulent and violative of California law. With respect to the

21  Plaintiffs individually, Plaintiffs should identify the particular advertisement, marketing and/or

22  promotion relied upon and the date of the occurrence(s).

23    In asserting that their complaint sets forth, with sufficient particularity, allegations of

24  fraud, Plaintiffs cite to *Von Koenig v. Snapple Beverage Corp.*, 713 F.Supp.2d 1066 (E.D. Cal.

25  2010). In *Von Koenig*, the plaintiffs there made similar claims asserted here that the "All

26  Natural" labeling of Snapple's products, bearing HFCS as an ingredient, violated California law.

27  Snapple moved to dismiss the fraud claims on the grounds that plaintiffs failed to plead fraud

28

1  with particularity as required under Fed.R.Civ.P. 9.  The court denied the motion in part finding

2  that the plaintiffs' claims for alleged deceptive labeling were pled with requisite particularity but

3  granted the motion (with leave to amend) "to the extent plaintiffs seek to bring claims based

4  upon other advertisements and marketing or based upon labels not submitted to the court." *Id.* at

5  1078.  Ultimately, the plaintiffs' claims in *Von Koenig*, with respect to advertisements and

6  marketing, were dismissed for failure to plead with specificity after the plaintiffs' amendment

7  failed to include the specific items of advertisement or promotion alleged to be fraudulent. *Von*

8  *Koenig v. Snapple Beverage Corp.*, No. 2:09-cv-00606 FCD EFB, 2011 WL 43577, *3 (E.D.

9  Cal. Jan. 6, 2011).  Similarly, here, Defendants are seeking to have Plaintiffs specify the items of

10  marketing, advertisement, promotion and the other labels alleged to be fraudulent.

11       Consistent with Fed.R.Civ.P. 9, Plaintiffs should plead their fraud claim with requisite

12  particularity.  This obligation is especially appropriate given the fact that in two virtually

13  identical cases, *Hitt v. Arizona Beverage Co.* and *Covington v. Arizona Beverage Co.*, two

14  federal courts found that the matters, after years of litigation, did not present a justiciable case or

15  controversy.  *Hitt v. Arizona Beverage Co., LLC*, No. 08-cv-809 WQH (POR), 2009 WL426119,

16  *5 (S.D. Cal. Nov. 24, 2009); *Covington v. Arizona Beverage Co., et al.*, Case No. 08-21894-

17  CIV-Seitz-O'Sullivan; RJN Ex. E.

18  <u>**CONCLUSION**</u>

19       For the foregoing reasons, Defendants respectfully request that their motion to dismiss

20  Plaintiffs' complaint be granted.

21  DATED:  February 18, 2011    SEDGWICK, DETERT, MORAN & ARNOLD LLP

22      By:  <u>*/s/ Andrew J. King*</u>
23         Andrew J. King (Bar No. 253962)

24  DATED:  February 18, 2011    McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

25      By:  <u>*/s/ Robert P. Donovan*</u>
26         Robert P. Donovan
       Attorneys for Defendants
27         HORNELL BREWING COMPANY, INC. d/b/a
       FEROLITO, VULTAGGIO & SONS, INC. and BEVERAGE
28         MARKETING USA, INC.