1

2                                                                    **E-Filed 4/4/2011**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12   LAUREN RIES and SERENA ALGOZER,          Case Number 5:10-cv-01139-JF/PSG
     individuals on behalf of themselves and all others
13   similarly situated,                       ORDER[1] GRANTING IN PART AND
                                                DENYING IN PART MOTION TO
14                          Plaintiffs,         DISMISS

15              v.                              [re: docket no. 62]

16   HORNELL BREWING COMPANY, INC.,
     BEVERAGE MARKETING USA, INC., AriZona
17   Corp. Inc., Palm Beach Brewing Co, LLC and
     FEROLITO, VULTAGGIO & SONS, INC.,
18
                           Defendants.
19

20

21        Plaintiffs in this consumer class action allege that Defendants' beverages, which contain

22   "high fructose corn syrup" ("HFCS") and/or "citric acid," are deceptively and falsely labeled and

23   branded as "Natural," "All Natural," and "100% Natural."  Plaintiffs also allege that certain of

24   Defendants' beverage products bearing the name and/or depiction of a fruit are deceptively and

25   falsely labeled because those products do not contain a significant amount of the pulp or juice of

26   that fruit.

27   _____

28        [1]  This disposition is not designated for publication in the official reports.

# I. BACKGROUND

Plaintiffs allege that each of the Defendants advertises, markets, sells, and distributes AriZona Tea beverage products.  The labels of the beverages, various advertisements, and Defendants' website all contain the words "All Natural," "100% Natural," and "Natural" despite the presence of HFCS or citric acid in the beverages.  Complaint ¶ 28.  According to the complaint, HFCS, which is produced by adding a series of enzymes to processed corn starch to change the glucose present in the corn into fructose, is not a natural product.  *Id.* ¶ 29-33.  Similarly, citric acid is alleged to be a man-made  because it is produced from certain strains of the mold Aspergillus niger.  *Id.* ¶ 38.  Plaintiffs also allege that Defendants market fruit products such as "No Carb Blueberry Green Tea" or "No Carb White Cranberry & Apple Green Tea" that do not contain a substantial amount of the fruit named or depicted on the label.  *Id.*¶ 43.

# II. STANDARD OF REVIEW

Under Fed. R. Civ. P. Rule 8(a), a plaintiff must plead her claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 544 (2007).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949,, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994).

Case No. 5:10-cv-03579-JF/PVT
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)

# III. DISCUSSION

## A. Judicial Notice of Other Court Proceedings in Which Defendants Were Involved

As a preliminary matter, Defendants ask the Court to take judicial notice of proceedings in separate proceedings in which they were involved.[2]  They submit three orders for judicial notice, one from *Hitt v. Hornell Brewing Co.* (Case No. 08cv809 WQH (POR) (S.D. Cal.), and two from *Covington v. Arizona Beverage Co.* (Case No. 08-21894-CIV Seitz/O'Sullivan (S.D. Fla.).

"Evidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion." *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993).  While a court may take judicial notice of public documents including judicial proceedings, Fed. R. Evid. 201, "a court may not take judicial notice of findings of fact from another case." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).  Accordingly, to the extent that Defendants request that the Court consider other proceedings beyond the fact that they occurred, their request is inappropriate.  However, the Court need not take judicial notice of a judicial opinion in order to consider the persuasive value of its legal reasoning.  *cf.* Fed. R. App. P 32.1 (indicating that an court of appeals may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been designated as "unpublished").  Accordingly, the Court has considered the cited cases along with the other non-binding legal precedents cited by the parties for the persuasive value of their legal analysis.

## A. Whether Claims that Defendants Misbrand Fruit Products are Expressly Preempted by the Federal Nutritional Labeling and Education Act

Defendants contend that Plaintiffs' claims that Defendants misbrand their "Fruit Products" are expressly preempted by the Federal Food, Drug & Cosmetic Act (FFDCA), 21 U.S.C. § 301, *et seq.*, as amended by the Federal Nutritional Labeling and Education Act of 1990

---

[2]  Defendants also seek judicial notice of copies of the labels of some of the products at issue.  Plaintiffs do not object to the inclusion of these depictions.

3

1   (NLEA).[3]  Pursuant to the Supremacy Clause of the United States Constitution, "Congress has

2   the power to preempt state law." *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 372

3   (2000).  In cases of express preemption, Congress defines "explicitly the extent to which its

4   enactments pre-empt state law." *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990).  Where a

5   statute contains an express preemption provision, the Court first must focus on the "plain

6   wording of the clause" to identify the "domain expressly preempted" by the language of the

7   statute. *See Sprietsma v. Marine*, 537 U.S. 51, 62-63 (2002).  The express preemption provision

8   of the FFDCA,  Section 343-1(a)(2), provides that, with exceptions not relevant here,

> [N]o State or political subdivision of a State may directly or indirectly establish
> under any authority or continue in effect as to any food in interstate commerce–
> (2)      Any requirement for the labeling of food of the type required by section
>          343(c), 343(e) or 343(i)(2) of this title that is not identical to the
>          requirement of such section . . . .
> (3)      Any requirement for the labeling of food of the type required by section 343(b),
>          343(d), 343(f), 343(h), 343(i)(1) or 343(k) of this title that is not identical to the
>          requirement of such section . . . .

For purposes of this section,

> 'not identical to' . . . means that the State requirement directly or indirectly
> imposes obligations or contains provisions concerning the composition or
> labeling of food, or concerning a food container that: (i) Are not imposed by or
> contained in the applicable provision (including any implementing regulation) . . .
> or (ii) Differ from those specifically imposed by or contained in the applicable
> provision (including any implementing regulation) . . . .

18   21 C.F.R. § 100.1(c)(4).

19          Under this framework, state law that imposes obligations that are "not identical to" those

20   imposed in Section 343(f) and 343(i) of the FFDCA, and the FDA's implementing regulations

21   for these sections, are expressly preempted.  Section 343(f) governs the prominence of

22   information required to appear on the label of a food product.  Section 343(i)(2) provides that if a

---

[3]  Defendants also contend that Plaintiffs' claims of misbranding based on the products' statement of ingredients are preempted.  Plaintiffs assert that they make no such claims.  The complaint alleges that "Defendants do not mention that the "All Natural Products" contain the artificial incredients, HFCS and Citric acid, except in inconspicuous and hard-to-read type in the "Ingredients" panel on the back or sides of these products." Compl. ¶ 46.  However, Plaintiffs do appear to claim not that the prominence of the ingredient list is inadequate but that the inclusion of the allegedly artificial ingredients in the ingredient list is insufficient to counteract the allegedly deceptive labeling of the products as "All Natural."

4

1  food "is fabricated from two or more ingredients," the label must bear

2      the common or usual name of each such ingredient and if the food purports to be
       a beverage containing vegetable or fruit juice, a statement with appropriate
3      prominence on the information panel of the total percentage of such fruit or
       vegetable juice contained in the food; except that spices, flavorings, and colors
4      not required to be certified under section 721(c) unless sold as spices, flavorings,
       or such colors, may be designated as spices, flavorings, and colorings without
5      naming each.

6  The applicable regulations provide that fruit depictions are allowed on labels of products not

7  containing juice as long as the label contains a declaration of "no juice" set forth in the manner

8  prescribed by the regulations.  The regulations also set forth the manner in which a beverage

9  must be labeled when the beverage contains only small amounts of juice or when the labeling,

10  color or flavor of the beverage represents, suggests, or implies that fruit juice may be present.

11  21 C.F.R. § 101.30(c)-(e).

12      Plaintiffs allege that Defendants' labeling is actionable because the names of the products

13  refer to fruit, even though the products do not contain the listed fruit.  Complaint ¶ 52.  Plaintiffs

14  also allege that the absence of fruit is not adequately disclosed.   Complaint ¶¶ 46-47.

15  Defendants argue that these allegations attempt to use state consumer protection laws to prohibit

16  them from using the names and depictions of fruits on their beverage labels unless fruit juices are

17  present in the beverage in "substantial" amounts, and to prohibit inclusion of a fruit in the name

18  of a beverage even though if they disclose that no fruit juice is contained in the product.

19      Defendants point out that the allegedly deceptive label cited by Plaintiffs in the

20  complaint–for "Diet Blueberry Green Tea"–includes the statement "CONTAINS NO JUICE."

21  *See* Complaint Ex. B.  Similarly, labels for Diet Blueberry Iced Tea and Diet White Cranberry

22  Iced Tea, which are attached to the complaint as exhibits, also state clearly that the product

23  contains "no juice."  Def.'s Mot., Ex. B & C.

24      Plaintiffs observe correctly that the Defendants do not point to any statutory provision

25  that expressly preempts Plaintiffs' claims for false advertising and labeling of a product as "all

26  natural."  However, Plaintiffs fail to address Defendants' contentions regarding Fruit Products.

27  Based on the complaint in its present form, it appears that Plaintiffs are attempting to enforce

28  through state law claims for false advertising requirements not contained in the FFDCA and its

5

1  implementing regulations.

2  **B.     Whether Plaintiffs' Fraud Claims Should be Dismissed for Lack of Specificity**

3          Defendants contend that Plaintiffs' fraud claims are insufficiently pled because the claims

4  are supported only by "conclusory" and "vague" allegations lacking the requisite specificity.  "In

5  all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

6  with particularity."  Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a plaintiff must therefore "state

7  the time, place, and specific content of the false representations as well as the identities of the

8  parties to the misrepresentations."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

9  1393, 1401 (9th Cir. 1986).

10          Among other things, Defendants argue that Plaintiffs have not alleged with particularity

11  which of Defendants' many products are at issue.  Defendants claim that there are approximately

12  forty different flavors of AriZona beverage products, some of which are labeled with a fruit

13  name, many of which contain the phrase "All Natural," and many of which contain HFCS.

14  Defendants also point out that the complaint lacks details such as dates of purchase, the prices at

15  which each product was purchased, the identity of the products purchased and the stores at which

16  the purchases took place.  Finally, Defendants argue that to the extent that the fraud claims are

17  based upon acts of advertising, marketing, and promotion separate from the product labels, there

18  is no allegation of any specific representations that are claimed to be fraudulent.

19          Plaintiffs note that other federal district courts in California have found that where

20  alleged misrepresentations occur in printed form, the particularity requirement of Rule 9(b) may

21  be satisfied by "identifying or attaching representative samples of [misleading materials]."  *Von*

22  *Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1306 n.19 (S.D. Cal. 2003).  Under this standard,

23  Plaintiffs' claims for deceptive labeling of the products identified in the exhibits to the complaint

24  are pled with particularity.  *See Von Koenig v. Snapple Bevarage Corp.*, 713 F. Supp. 2d 1066

25  (E.D. Cal. 2010) (holding that labels from Snapple products using terms such as "All Natural"

26  were sufficient to make out a claim that the labels were deceptive).  However, in *Von Koenig*, the

27  court dismissed (with leave to amend) the plaintiffs' claims to the extent that they were "based

28  upon other advertisements and marketing or based upon other labels not submitted to the court."

Case No. 5:10-cv-03579-JF/PVT
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)

1    *Id.* at 1078.  *Von Koenig* is persuasive.  Accordingly, Defendants' motion to dismiss will be

2    denied to the extent that Plaintiffs' claims arise out of the alleged deceptive labeling of the

3    products for which exemplary labels are appended to the complaint.  However, to the extent that

4    Plaintiffs seek to bring claims based upon other advertisements and marketing or based upon

5    other labels not before the Court, the motion will be granted with leave to amend.

6    **C.    Whether Plaintiffs' Restitution Claim is an Action for Damages under the CLRA
     that Should Be Dismissed for Failure to Comply with Pre-Suit Notice Requirements**

7    Plaintiffs also seek relief under the Consumer Legal Remedies Act (CLRA), Cal. Civ.

8    Code § 1750, *et seq.*  The complaint prays for injunctive and declaratory relief only, but it also

9    states that if Defendants fail to respond to Plaintiffs' demand to correct the allegedly unlawful

10   practices, Plaintiffs will amend the complaint to seek actual damages, restitution, punitive

11   damages, and attorneys' fees.  Compl. ¶ 121, 139.  The complaint also includes a general

12   demand for relief asking the Court to "restore, by way of restitution, refund or reimbursement"

13   any money acquired by Defendants as a result of their allegedly deceptive trade practices.

14   Defendants argue that Plaintiffs have not clearly and unequivocally limited their CLRA claims to

15   injunctive relief.

16   To assert a claim for damages under the CLRA, a plaintiff must comply with California

17   Civil Code § 1782(a), which requires that

18          (a)    Thirty days or more prior to the commencement of an action for damages
19                 pursuant to this title, the consumer shall do the following:
            (1)    Notify the person alleged to have employed or committed
20                 methods, acts, or practices declared unlawful by Section 1770 of
                   the particular alleged violations of Section 1770.
21          (2)    Demand that the person correct, repair, replace, or otherwise
                   rectify the goods or services alleged to be in violation of Section
22                 1770.
            This notice shall be in writing, and shall be sent by certified or registered
23          mail, return receipt requested, to the place where the transaction occurred
            or to the person's principal place of business within California.
24          (b)    Except as provided in subdivision (c), no action for damages may be
                   maintained under Section 1780 if an appropriate correction, repair,
25                 replacement, or other remedy is given, or agreed to be given within a
                   reasonable time, to the consumer within 30 days after receipt of the notice.
26
     No pre-suit notice is required if a claimant is seeking only injunctive relief under the CLRA.
27
     Cal. Civ. Code 1872(d).
28

                                                    7

1       Plaintiffs allege that statutory notice was provided to Defendants on May 12, 2008.

2 Complaint ¶ 138; Pl.'s Op. Ex. A-F. The complaint was filed on March 17, 2010. Compl. At

3 oral argument, Plaintiffs conceded that they did not give notice thirty days before the complaint

4 was filed, but nonetheless, they contend that the complaint indicates clearly that the CLRA claim

5 is limited to injunctive and declaratory relief. They assert that they intended to limit their

6 demand for restitution to their claims under California Business and Professions Code § 17200,

7 *et seq.*, and § 17500, *et seq*. This assertion is supported by the statement in the complaint that

8 Plaintiffs would seek amendment to include CLRA damages *including restitution* if Defendants

9 did not conform to the law within thirty days of receiving notice from Plaintiffs of the alleged

10 violations. Compl. ¶ 39. At the hearing, Plaintiffs disclaimed any current entitlement to

11 restitution under the CLRA.

12       Defendants observe correctly that a restitution claim brought under the CLRA is a claim

13 for damages and requires proper notice. *See Laster v. Team Mobile USA, Inc.*, No. 05cv1167

14 DMS (AJB), 2008 WL 5216255 (S.D. Cal. Aug. 11, 2008) (rejecting the contention that

15 restitution is not damages under the CLRA). However, the plaintiffs in *Laster* specifically

16 sought restitution under the CLRA. Here, Plaintiffs have represented that they will amend the

17 claim to include damages and have disclaimed any present entitlement to restitution. Because

18 the operative complaint does not include a claim for damages under the CLRA, Defendants'

19 motion to dismiss any such claim with prejudice is premature and will be denied.

20                                               **ORDER**

21       Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs motion to

22 dismiss is GRANTED IN PART and DENIED IN PART, with leave to amend. Any amended

23 complaint must be filed within thirty (30) days of the date of this order.

24 IT IS SO ORDERED.

25 DATED: April 4, 2011

26 _____

27 JEREMY FOGEL
    United States District Judge

28

Case No. 5:10-cv-03579-JF/PVT
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC3)