**E-Filed 8/25/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREN RIES and SERENA ALGOZER, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING COMPANY, INC., BEVERAGE MARKETING USA, INC., and FEROLITO, VULTAGGIO & SONS, INC.,<br><br>Defendants. | Case No. 5:10-cv-01139-JF (PSG)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>[re: dkt entry 79] |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Arizona Beverages ("Arizona") moves to dismiss Plaintiffs' claims for lack of particularity. Plaintiffs' First Amended Complaint ("FAC") alleges violations of California's Business and Professions Code §§ 17200 *et seq.* (Unfair Competition Law, or "UCL"), §§ 17500 *et seq.* (False Advertising Law, or "FAL"), and §§ 1750 *et seq.* (Consumers Legal Remedies Act, or "CLRA"). Plaintiffs seek preliminary and permanent injunctive relief, corrective advertising, compensatory damages, disgorgement of profits, and attorneys' fees.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

In this consumer class action, Plaintiffs allege that Arizona's beverages, which contain high fructose corn syrup ("HFCS"), citric acid or both, are falsely and deceptively labeled and branded as "Natural," "All Natural," and "100% Natural." FAC ¶ 29. They assert that HFCS, which is produced by processing corn starch into corn syrup and then adding enzymes that change the glucose to fructose, is not a natural product. *Id.* at ¶ 24. They also allege that the HFCS molecules in Arizona's products are not extracted from natural sources, but instead are created through enzymatically catalyzed chemical reactions in factories. *Id.* at ¶ 30. Similarly, Plaintiffs allege that the citric acid in many of Arizona's beverages is artificially produced by a chemical process in which certain strains of the mold Aspergillus niger feed on a sucrose or glucose-containing medium. *Id.* at ¶¶ 32, 33.

Arizona previously moved to dismiss Plaintiffs' original complaint, asserting among other things that the fraud claims were pled with insufficient specificity to satisfy Fed. R. Civ. P. 9(b). This Court denied that motion with respect to Plaintiffs' claims arising out of allegedly false advertising involving those labels that were appended to the pleading, and it granted Arizona's motion to dismiss, with leave to amend, claims for false advertising based on other forms of advertising, or on labels not actually before the court. Order p. 7. Arizona contends that because the FAC does not include any additional labels or examples of advertising, Plaintiffs' claims should be limited to those that survived Arizona's previous motion to dismiss. Mot. to Dismiss at 1-2.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. Rule 8(a), a plaintiff must plead her claim with sufficient specificity to "give the defendant fair notice of what the [...] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual*

2

1 *Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

Under Fed. R. Civ. P. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  However, intent, knowledge, and other conditions of the mind may be averred generally.  Fed. R. Civ. P. 9(b).  A complaint meets this standard if it alleges "'the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and the circumstances indicating falseness' or 'the manner in which [the] representations [or omissions] were false and misleading.'" *Genna v. Digital Link Corp.*, 25 F. Supp. 2d 1038 (N.D. Cal. 1997) (brackets in original) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-58 n.7 (9th Cir. 1994)).  The amount of particularity required for pleading fraud generally depends on the amount of access the pleader has to the specific facts. *See, e.g., Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010).  Conclusory allegations that a defendant's conduct was fraudulent is insufficient. *In re Worlds of Wonder Securities Litigation*, 694 F. Supp. 1427, 1432 (N.D. Cal. 1988).  This practice allows an early and informed response from the party defending against such accusations. *Swartz v. KPMG LLP.,* 476 F.3d 756, 764 (9th Cir. 2007).

### III. DISCUSSION

Although the Court granted Arizona's earlier motion except with respect to the specific labels appended to the original complaint, nothing in that ruling was intended to preclude

Plaintiffs from asserting other properly pled claims in an amended complaint. The Court concludes that the FAC sufficiently pleads fraudulent and deceptive advertising with respect to any labels that allege that Arizona's beverages are "All Natural" and "100% Natural." The FAC identifies clearly the additional types of beverages of which the labels appended to the original complaint are representative, and Plaintiffs allege specifically that these additional beverages are labeled in a manner that is substantially identical to that of examples attached to the original complaint. These allegations are not inherently implausible and are sufficient for purposes of Rule 9(b).

Although the FAC omits Plaintiffs' earlier claims with respect to Arizona's representations of fruit content in its beverages, it retains claims from the original complaint that allege fraudulent and deceptive advertising other than in beverage labels, such as in Internet advertising and "other promotional materials." FAC ¶¶ 57, 60, 70. As it did with the original complaint, the Court concludes that these claims are not sufficiently pled. In *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066 (E.D. Cal. 2010), the court concluded that the plaintiffs' allegations arising out of labels on the defendant's drink products satisfied Rule 9(b) where labels were attached, and where plaintiffs alleged but for the deceptive labels, they would have purchased alternative drink products during a period of four years. *Von Koenig*, 713 F. Supp. 2d at 1077 (E.D. Cal. 2010). At the same time, however, the court granted the defendant's motion to dismiss claims that were based only on generalized allegations regarding unspecified commercial advertisements and marketing. *Id.* at 1078.

Here, the FAC fails to (1) identify any specific Internet advertising offering Arizona's beverages for sale; (2) identify any specific "other promotional materials" that falsely and deceptively advertise Arizona's beverages as "All Natural" or "100% Natural;" and (3) allege when and where the named Plaintiffs were exposed to such other materials. To the extent that Plaintiffs' claims are based on advertising and promotional materials other than beverage labels, Arizona's motion to dismiss once again will be granted, with leave to amend.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED IN PART, WITH LEAVE TO AMEND, and DENIED IN PART. Any amended complaint must be field within thirty (30) days of the date of this order.

DATED: 8/25/2011

_____
JEREMY FOGEL
United States District Judge