| | |
|---|---|
| MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP<br>ROBERT P. DONOVAN (*pro hac vice*)<br>rdonovan@mdmc-law.com<br>LEWIS H. GOLDFARB<br>(*pro hac vice* to be filed)<br>lgoldfarb@mdmc-law.com<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey  07102<br>Telephone: (973) 622-7711<br>Facsimile: (973) 622-5314<br><br>SEDGWICK LLP<br>KEVIN J. DUNNE  Bar No. 40030<br>kevin.dunne@sedgwicklaw.com<br>ANDREW J. KING Bar No. 253962<br>andrew.king@sedgwicklaw.com<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco, California 94105<br>Telephone: (415) 781-7900<br>Facsimile: (415) 781-2635<br><br>Attorneys for Defendants<br>ARIZONA BEVERAGES USA LLC,<br>HORNELL BREWING CO., INC. d/b/a<br>FEROLITO, VULTAGGIO & SONS, INC.<br>and BEVERAGE MARKETING USA, INC. | BAKER LAW PC<br>G. RICHARD BAKER Bar No. 224003<br>richard@bakerlawpc.com<br>2229 First Avenue North<br>Birmingham, Alabama 35203<br>Telephone: (205) 241-9608<br>Facsimile: (205) 449-0050<br><br>JACKSON & TUCKER PC<br>JOSEPH L. TUCKER (*pro hac vice*)<br>josh@jacksonandtucker.com<br>2229 First Avenue North<br>Birmingham, Alabama 35203<br>Telephone: (205) 252-3535<br>Facsimile: (205) 252-3536<br><br>Attorneys for Plaintiffs<br>LAUREN RIES and SERENA ALGOZER<br><br>*(Additional Counsel Listed on Signature Page)* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LAUREN RIES and SERENA ALGOZER, Individuals on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>   v.<br><br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING COMPANY, INC., BEVERAGE MARKETING USA, INC., and FEROLITO, VULTAGGIO & SONS, INC.,<br><br>     Defendants. | CASE NO. CV 10-01139 JF<br><br><br>**STIPULATED PROTECTIVE ORDER** |

-1-
STIPULATED PROTECTIVE ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter " Confidential Material").

2. Any party to this litigation and any third-party shall have the right to designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and subject to this Order any information, document, or thing, or portion of any document or thing that contains extremely sensitive business or personal information, the disclosure of which is extremely likely to cause significant harm to an individual or to the business or competitive position of the designating party, consistent with Fed. R. Civ. P. 26(c)(1). Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only Material").

3. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the

1 receiving party to anyone other than those set forth in Paragraph 4, unless and until the
2 restrictions herein are removed either by written agreement of counsel for the parties, or by Order
3 of the Court. It is, however, understood that counsel for a party may give advice and opinions to
4 his or her client solely relating to the above-captioned action based on his or her evaluation of
5 Confidential Material, provided that such advice and opinions shall not reveal the content of such
6 Confidential Material except by prior written agreement of counsel for the parties, or by Order of
7 the Court.

8     4. Confidential Material may be disclosed only to the following individuals under
9 the following conditions:

10     a. Outside counsel (herein defined as any attorney at the
11 parties' outside law firms) and relevant in-house counsel for the parties;

12     b. Outside experts or consultants retained by outside counsel
13 for purposes of this action, provided they have signed a non-disclosure
14 agreement in the form attached hereto as Exhibit A;

15     c. Secretarial, paralegal, clerical, duplicating and data
16 processing personnel of the foregoing;

17     d. Any deponent may be shown or examined on any
18 information, document or thing designated Confidential if it appears that
19 the witness authored or received a copy of it, was involved in the subject
20 matter described therein or is employed by the party who produced the
21 information, document or thing, or if the producing party consents to such
22 disclosure;

23     e. Vendors retained by or for the parties to assist in preparing
24 for pretrial discovery, trial and/or hearings including, but not limited to,
25 court reporters, litigation support personnel, jury consultants, individuals
26 to prepare demonstrative and audiovisual aids for use in the courtroom or
27 in depositions or mock jury sessions, as well as their staff, stenographic,
28

        and clerical employees whose duties and responsibilities require access to such materials; and

        f.    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5.    Confidential Material shall be used only by individuals permitted access to it under Paragraph 4. Such Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.    With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (e) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (e) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7.    Attorneys' Eyes Only Material may be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. Attorneys' Eyes Only Material may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential Material or Confidential – Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall identify the documents or information in question. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Confidential – Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a Confidential or Confidential – Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Magistrate Judge assigned to adjudicate discovery disputes. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of persuasion in any such challenge proceeding shall be on the designating party.

9. The party seeking to submit Confidential or Attorneys' Eyes Only Material to the Court will seek an order of this Court permitting that party to file materials under seal in accordance with the applicable Federal rules of Civil Procedure as well as the Local Rules for the Northern District of California, including Civil Local Rule 79-5.

10. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Confidential – Attorneys' Eyes Only Material, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material or Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Confidential – Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material or Attorneys' Eyes Only Material under this Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only Material under this Order.

14. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to certify, under oath, that they have either returned to opposing counsel or destroyed all originals and unmarked copies of documents and things containing Confidential Material and Attorneys' Eyes Only Material and to destroy, should such source so request, all copies of Confidential Material and Attorneys' Eyes Only Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material and Attorneys' Eyes Only Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Consent Confidentiality Order.

17. This Order may be modified by agreement of the parties, subject to Court approval. In addition, the provisions of this Protective Order may be modified by this Court, for good cause, or in the interest of justice, or in its own order at any time in these proceedings. The within order and parties' stipulation do not change, amend or circumvent any court rule or local rule.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 23, 2011             JACKSON & TUCKER PC

By: */s/ Joseph L. "Josh" Tucker* (with permission)
    Joseph L. Tucker (*pro hac vice*)
    Attorneys for Plaintiffs
    LAUREN RIES and SERENA ALGOZER

BAKER LAW PC
G. Richard Baker (Bar No. 224003)
2229 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 241-9608
Facsimile:  (205) 449-0050

| | |
|---|---|
| | WILENTZ GOLDMAN & SPITZER P.A.<br>Kevin P. Roddy (Bar No. 128283)<br>Phillip A. Tortoreti (*pro hac vice*)<br>Daniel R. Lapinski (*pro hac vice*)<br>Suite 900 Box 10<br>Woodbridge, New Jersey 07095<br>Telephone: (732) 636-8000<br>Facsimile: (205) 449-0050 |
| | DL LAW GROUP<br>David D. Lilienstein (Bar No. 218923)<br>345 Franklin Street<br>San Francisco, California 94102<br>Telephone (415) 271-7169<br>Facsimile (415) 358-8484 |
| | *Attorneys for Plaintiffs*<br>LAUREN RIES and SERENA ALGOZER |
| DATED: August 23, 2011 | McELROY DEUTSCH MULVANEY & CARPENTER, LLP |
| | */s/ Robert P. Donovan*<br>Robert P. Donovan (Appearing *pro hac vice*) |
| | SEDGWICK LLP |
| | */s/ Andrew J. King*<br>Andrew J. King (Bar No. 253962)<br>Kevin J. Dunne (Bar No. 40030) |
| | *Attorneys for Defendants*<br>ARIZONA BEVERAGES USA LLC, HORNELL BREWING COMPANY, INC., d/b/a FEROLITO, VULTAGGIO & SONS, INC. and BEVERAGE MARKETING USA, INC. |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/8/2011

*[signature]*
MAGISTRATE JUDGE PAUL S. GREWAL
UNITED STATES DISTRICT COURT

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Lauren Ries, et al. v. Arizona Beverages USA LLC, et al.*, Case No. 10-01139 (JF). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____