BAKER LAW PC
G. RICHARD BAKER (SBN: 224003)
richard@bakerlawpc.com
524 Union Street, Suite 213
San Francisco, CA 94133
Telephone: (415) 295-4814
Facsimile: (800) 866-6556

WILENTZ, GOLDMAN & SPITZER, P.A.
KEVIN P. RODDY (State Bar No. 128283)
DANIEL R. LAPINSKI (*pro hac vice*)
E-mail:  kroddy@wilentz.com
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ
Telephone:  (732) 636-8000
Facsimile:  (732) 726-6686

JACKSON & TUCKER PC
JOSEPH L. TUCKER (*pro hac vice*)
josh@jacksonandtucker.com
2229 First Avenue North
Birmingham, Alabama 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536

DL LAW GROUP
DAVID M. LILLIENSTEIN (SBN: 218923)
david@dllawgroup.com
345 Franklin Street
San Francisco, CA 94102
Telephone:  (415) 271-7169
Facsimile:  (415) 358-8484

*Attorneys for Plaintiffs*
*LAUREN RIES and SERENA ALGOZER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN RIES and SERENA ALGOZER, Individuals on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORNELL BREWING COMPANY, INC., *et al,,*<br><br>Defendants. | **CASE NO. CV 10-01139 RS**<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION**<br><br>Judge:      Honorable Richard Seeborg<br>CRTM:      13 - 17th Floor<br>             450 Golden Gate Ave<br>DATE:      September 27, 2012<br>TIME:      1:30pm (PST) |

COME NOW the Plaintiffs', Lauren Ries and Serena Algozer, by and through the undersigned counsel, and file this *Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification*, fully briefed with exhibits, and in support thereof, would show unto this Honorable Court as follows:

Plaintiffs' claims in the instant case are that Defendants have engaged in a long-term, widespread campaign[1] of deceptive advertising and misrepresentations to California resident consumers of its beverage products regarding the nature of their beverage products labeled and branded "100% Natural" and/or "All Natural"; specifically, that they contain no "unnatural", man-made and/or synthetic ingredients - high fructose corn syrup and/or citric acid. The putative class prayed for consists of California resident consumers who were exposed to Defendants' allegedly deceptive product labeling and who were also consumers of Defendants' "100%/All Natural" beverages during a specific period of time - from March 17, 2006, until the present day. See Plaintiffs' First Amended Complaint [Doc. No.75] p.9, ¶.44; see also Plaintiffs' Brief in Support of Motion for Class Certification [Doc. No.117], p.4. Thus, the proposed class definition and class period is "precise, objective, and presently ascertainable." *O'Conner v. Boeing North American, Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). Overall, this case raises significant, valid legal questions under California's UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200 *et seq.* ("UCL"), California's FALSE ADVERTISING LAW BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* ("FAL"), and California's CONSUMERS LEGAL REMEDIES ACT CIVIL CODE § 1750, *et seq.* ("CLRA") regarding the alleged widespread misleading and/or deceptive, false nature of the labeling of the Defendants beverage products as "100%/All Natural" when they contain high fructose corn syrup and/or citric acid.

---

[1] As noted in *Wal-Mart Stores, Inc. v. Dukes*, "In a pattern-or-practice case" such as the case before this Court, "the plaintiff tries to 'establish by a preponderance of the evidence that ... [the wrongful conduct] was the company's standard operating procedure[,] the regular rather than the unusual practice.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2552 (2011) (citing and quoting *Teamsters v. United States*, 97 S.Ct. 1843 (1977)). "If he succeeds, that showing will support a rebuttable inference that all class members were victims of the [wrongful conduct], and will justify "an award of prospective relief," such as "an injunctive order against the continuation of the [wrongful] practice." *Id.*

# **TABLE OF CONTENTS**

Statement in Reply to Opposition .......................................................... i

Table of Contents .......................................................... ii

Table of Authorities .......................................................... iii-vi

I.     INTRODUCTION .......................................................... 1

II.     LEGAL ARGUMENT .......................................................... 4

    A.     The "100%/All Natural" moniker is a material representation .................... 4

    B.     Plaintiffs' each suffered "Injury in Fact" .......................................................... 5

    C.     "Numerosity" is met .......................................................... 6

    D.     Typicality, Adequacy, and Commonality are met .................................... 7

        1.     "Typicality" .......................................................... 7

        2.     "Adequacy" .......................................................... 8

        3.     "Commonality" .......................................................... 10

    E.     Certification under Rule 23(b)(2) is proper .......................................... 11

    F.     Equitable Restitution is Proper under Rule 23(b)(2) .................................. 12

    G.     Plaintiff Ries' Claims are Not Time Barred .............................................. 14

# TABLE OF AUTHORITIES

**CASES**

*Amchem Products, Inc. v. Windsor,*
117 S.Ct. 2231 (1997) ................................................. 1, 8

*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
2012 WL 2990766 (N.D. Cal. July 20, 2012) ............................ 6

*Brown v. Brewer,*
2009 WL 1574556 (C.D. Cal. May 29, 2009) ........................... 10

*Burkhart v. Washington Metro. Area Transit Auth.,*
112 F.3d 1207 (D.C. Cir. 1997) .................................... 3

*Busby v. JRHBW Realty, Inc.,*
513 F.3d 1314 (11th Cir. 2008) .................................... 8

*Carideo v. Dell, Inc.,*
706 F.Supp.2d 1122 (W.D. Wash 2010) ............................... 6

*Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.,*
249 F.R.D. 334 (N.D. Cal. 2008) ................................. 10

*Chamberlan v. Ford Motor Co.,*
369 F.Supp.2d 1138 (N.D. Cal. 2005) ........................... 14-15

*Clayworth v. Pfizer, Inc.,*
49 Cal.4th 758 (2010) ............................................ 5

*Cook, Perkiss and Liehe, Inc. v N. Cal. Collection Servs. Inc.,*
911 F.2d 242 (9th Cir. 1990) ...................................... 2

*Curtis v. Loether,*
94 S.Ct. 1005 (1974) ........................................... 12-13

*Diamond v. Charkrabarty,*
100 S.Ct. 2204 (1980) ............................................ 2

*Deposit Guar. Nat'l Bank. v. Roper,*
100 S.Ct. 1166 (1980) ............................................ 1

*Evon v. Law Offices of Sidney Mickell,*
688 F.3d 1015, 2012 WL 3104620 (9th Cir. August 1, 2012) ...... 7, 8, 10, 11

*Fox v. Ethicon Endo-Surgery, Inc.,*
35 Cal.4th 797 (2004) ........................................... 15

*Gibbs Properties Corp. v. CIGNA Corp.,*
196 F.R.D. 430 (M.D. Fla. 2000) .................................. 8

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992) ..................................... 7

*Harris v. Gen. Dev. Corp.*,
    127 F.R.D. 655 (N.D. Ill. 1989) ........................................................ 3

*In re Diasonics Sec. Lit.*,
    509 F.Supp. 447 (N.D. Cal. 1984) ................................................... 8

*In re Monumental Life Ins. Co.*,
    365 F.3d 408 (5th Cir. 2004) ........................................................ 3

*In re Tobacco II Cases*,
    46 Cal.4th 298 (2009) ........................................................ 2, 4, 14

*In re U.S. Fin. Sec. Lit.*,
    69 F.R.D. 24 (S.D. Cal. 1975) ........................................................ 8

*Karl Storz Endoscopy American, Inc. v. Surgical Technologies, Inc.*,
    285 F.3d 848 (9th Cir. 2002) ........................................................ 15

*Koh v. S.C. Johnson & Son*,
    2010 WL 94265 (N.D. Cal. Oct. 14, 2010) ........................................ 6

*Kwickset Corp. v. Superior Court*,
    51 Cal.4th 310 (2011) ........................................................ 5

*Lauriedale Assoc's. Ltd. v. Wilson*,
    7 Cal.App.4th 1439 (1992) ........................................................ 6

*Lectrodryer v. SeoulBank*,
    77 Cal.App.4th 723 (2000) ........................................................ 6

*Lerner v. Haimsohn*,
    126 F.R.D. 64 (D. Colo. 1989) ........................................................ 8

*Lewis v. National Football League*,
    146 F.R.D. 5 (D.D.C. 1992) ........................................................ 8

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ........................................................ 8

*Massachusetts Mut. Life Ins. v. Superior Court*,
    97 Cal.App.4th 1282 (2002) ........................................................ 15

*Meyer v. Citizens & S. Nat'l Bank*,
    106 F.R.D. 356 (M.D. Ga. 1985) ........................................................ 3

*Nieves-Villanueva v. Soto-Rivera*,
    133 F.3d 92 (1st Cir. 1997) ........................................................ 3

*O'Conner v. Boeing North American, Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1998) ........................................................ i, 6

*Parra v. Bashas', Inc.*,
    536 F.3d 975 (9th Cir. 2008) ........................................................ 10-11

*Petroleum Co. v. Shutts,*
    105 S.Ct. 2965 (1985)    ................................................................. 1

*Prata v. Superior Court,*
    91 Cal.App.4th 1128 (2001)    ....................................................... 2, 14

*Prometheus Laboratories, Inc. v. Mayo Collaborative Services,*
    581 F.3d 1336 (Fed. Cir. 2009)    .................................................... 2

*Rivera v. Fair Chevrolet Geo Partnership,*
    165 F.R.D. 361 (D. Conn. 1996)    ................................................... 8

*Slaven v. BP America, Inc.,*
    190 F.R.D. 649 (C.D. Cal. 2000)    .................................................. 11

*Smith-Victor Corp. v. Sylvania Electric Products, Inc.,*
    242 F.Supp. 302 (N.D. Ill. 1965)    ................................................. 2

*Stearns v. Ticketmaster Corp.,*
    655 F.3d 1013 (9th Cir. 2011)    ...................................................... 5

*Surowitz v. Hilton Hotels, Inc.,*
    86 S.Ct. 845 (1966)    .................................................................... 8

*Teamsters v. United States,*
    97 S.Ct.1843 (1977)    ................................................................... i

*Wachtell v. Guardian Life Ins. Co. of America,*
    453 F.3d 179 (3rd Cir. 2006)    ....................................................... 3

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S.Ct. 2541 (2011)    ............................................................ i, 11, 12

*Watkins v. Simmons and Clark, Inc.,*
    618 F.2d 398 (6th Cir. 1980)    ....................................................... 1

*Williams v. Gerber,*
    552 F.3d 934 (9th Cir. 2008)    ....................................................... 3

## STATUTES

UNITED STATES PATENT ACT
    35 U.S.C. § 101    ..................................................................... 1-2

CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE
    §17200 *et seq.* ................................................................... i, 5, 11

CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE
    §17500 *et seq.* ................................................................... i, 5, 11

CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
    §1750 *et seq.* ................................................................ i, 5, 11, 15

Baker Law, P.C.

Plaintiffs' Reply to Defendants' Opposition to Class Certification - CASE NO. CV 10-01139 RS

RULES

FEDERAL RULE OF CIVIL PROCEDURE 23(a)(4) .................................................................. 8

FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2) ........................................................... 12, 13

FEDERAL RULE OF CIVIL PROCEDURE 23(c)(1)(c) ......................................................... 2, 6

FEDERAL RULE OF CIVIL PROCEDURE 23
    Advisory Committee Notes (1966 Amendments)   .............................................. 12, 13

FEDERAL RULE OF EVIDENCE 401   ..................................................................................... 4

FEDERAL RULE OF EVIDENCE 402   ..................................................................................... 4

FEDERAL RULE OF EVIDENCE 403   ..................................................................................... 4

CASE PLEADINGS

Plaintiffs' First Amended Complaint [Doc. No.75]   ............................................................ i, 2

Plaintiffs' Motion and Brief in Support of Motion for Class Certification
    [Doc. No. 116 & 117]   ................................................................................................ i, 11

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment
    [Doc. No.125]   ................................................................................... 4, 5, 11, 14

Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to
    Defendants' Motion for Summary Judgment [Doc. No.125-1]   ............. 4, 5, 7, 9-10, 15

Defendants' Motion for Summary Judgment to Dismiss [Doc. No.111]   ............................... 11

Defendants' Opposition to Class Certification [Doc. No.130] ........................................... 3, 4, 6

FEDERAL REGULATIONS

58 Fed.Reg. 2303 (1993)   ................................................................................................... 2

MISCELLANEOUS

4 Newberg & Conte, NEWBERG ON CLASS ACTIONS at § 21.30   ............................................. 1

4 Newberg & Conte, NEWBERG ON CLASS ACTIONS at § 4.14   ............................................. 12

7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane,
    FEDERAL PRACTICE AND PROCEDURE § 1765 (2005)   ............................................... 8

## I.     INTRODUCTION

Class actions afford aggrieved persons a remedy when it is not economically feasible to obtain relief through the traditional framework of multiple individual damage actions.  See *Deposit Guar. Nat'l Bank v. Roper*, 100 S.Ct. 1166, 1174 (1980).  Without the class action mechanism, claimants with small claims would not be able to obtain relief.[2]  *Id.* at p.338, f.9 (1980); see also *Amchem Products, Inc. v. Windsor*, 117 S.Ct. 2231 (1997); see also *Phillips Petroleum Co. v. Shutts*, 105 S.Ct. 2965 (1985).  Denying certification in the present action will only serve to encourage deceitful, deceptive, wrongful conduct in advertising, labeling, branding, and promotion of food and beverage products in the State of California, and will essentially immunize defendants who steal millions of dollars, if not tens of millions of dollars in *de minimus* $1.00 or $2.00 increments.  The class action mechanism has been successful in fighting a penumbra of deceptive and misleading acts against consumers in the State of California, and should be effectuated to cease such activities in the present case and deter such acts in the future.

The strength of a litigant's position can often be gauged by the weakness of their opposition.  Here, Defendants' opposition demonstrates this action should be certified as a class action.  The thrust of Defendants' opposition is not directed directly at the specific requirements of Rule 23, but rather appears to be a circuitous assertion that it is absurd that the present Plaintiffs' instituted this action.  Nonetheless, the issue in this case is simple and clear - labeling of the products at issue was misleading to the Plaintiffs' when they purchased the products and, is, was and continues to be misleading and deceptive to reasonable California residents because the labeling and branding of the products as "100%/All Natural" is a promise Defendants' beverages *are* "100%/All Natural".  This promise is made despite the fact the products contain man-made, synthetic ingredients; high fructose corn syrup and/or citric acid.  Notably, the ingredients at issue, high fructose corn syrup and/or citric acid, have been patented pursuant to §

---

[2] The desirability of providing recourse for the injured consumer who would otherwise be financially incapable of bringing suit and the deterrent value of class litigation clearly render the class action a viable and important mechanism in challenging fraud on the public.  See 4 Newberg & Conte, NEWBERG ON CLASS ACTIONS at § 21.30; see also *Watkins v. Simmons and Clark, Inc.* 618 F. 2d 398, 404 (6th Cir. 1980) (*Class action certifications to enforce compliance with consumer protection laws are "desirable and should be encouraged."*).

Baker Law, P.C.

1

1   101 of the PATENT ACT [35 U.S.C. § 101] which the U.S. Supreme Court has stated was intended

2   to "include anything under the sun **that is made by man**." *Prometheus Laboratories, Inc., v.*

3   *Mayo Collaborative Services*, 581 F.3d 1336, 1342 (Fed. Cir. 2009) (*emphasis added*) (quoting

4   *Diamond v. Charkrabarty*, 100 S.Ct. 2204 (1980) ("laws of nature, natural phenomena, and

5   abstract ideas" are not patentable subject matter")).[3]

6           Whether the universally conveyed "100%/All Natural" moniker is misleading and/or

7   deceptive in light of the inclusion of non-natural ingredients is a common question that can be

8   analyzed on a class wide basis.  The bedrock of Plaintiffs' claims is the right to be protected

9   against Defendants' alleged deceit, and the remedies sought are injunctive relief and restitution.

10  "The substantive right extended to the public by the UCL is the " "right to protection from

11  fraud, deceit and unlawful conduct" ' " (),  and **the focus of the statute is on the defendant's**

12  **conduct**." *In re Tobacco II Cases*, 46 Cal.4th 298, 324 (2009) (*emphasis added*) (quoting *Prata*

13  *v. Superior Court*, 91 Cal.App.4th 1128, 1137 (2001)).  The law is clear - "misdescriptions of

14  specific or absolute characteristics of a product are actionable." *Cook, Perkiss and Liehe, Inc. v.*

15  *N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 246 (9th Cir. 1990); see also *Smith-Victor Corp. v.*

16  *Sylvania Electric Products, Inc.,* 242 F.Supp. 302, 308-09 (N.D. Ill. 1965).

17          Although Defendants' contend the class is ill-defined, there is no genuine question as to

18  what products are presently included in this action.  See First Amended Complaint [Doc. No.75]

19  pp.2-3, and p.9, ¶.44.   Indeed, nowhere do Defendants' deny or dispute there is a specific

20  universe of products, labeled "100%/All Natural", which stand as the basis of this lawsuit.

21  Moreover, as this Honorable Court well knows, Rule 23(c)(1)(c) provides that "[a]n order that

22  grants or denies class certification may be altered or amended before final judgment." FED. R.

23

24

25  [3] Defendants' rely on the U.S. Food & Drug Administration's advisory policy on the meaning of
    "natural", that "natural' means "nothing artificial or synthetic ... has been included in, or has been
    added to, a food that would not normally be expected to be in the food" [58 Fed.Reg. 2303, 2407
26  (1993)], in arguing both against class certification and for summary judgment.  If high fructose
    corn syrup and citric acid are "natural", it is axiomatic they cannot be patented under the PATENT
27  ACT.  Plaintiffs' are currently seeking discovery as to the specific patents for the high fructose
    corn syrup and citric acid used by Defendants' in the "100%/All Natural" beverages at issue.

28

CIV. P. 23(c)(1)(c).[4]

Neither the Plaintiffs' nor the Ninth Circuit accept Defendants' contention that an ingredient list exists on products so manufacturers, such as these Defendants, can mislead consumers with the front of the labels, and then rely on the ingredient list located on the back of the product to correct those misinterpretations and provide a shield for liability for the deception. Instead, Plaintiffs, reasonable California consumers, and the Ninth Circuit all expect that the ingredient list on the back of the product(s) will contain(s) *more* information about the product that *confirms* the representations on the front of the product. See *Williams v. Gerber*, 552 F.3d 934, 936 (9th Cir. 2008). This is the case at bar.

Defendants' appear to take the position Plaintiffs' class certification petition is unsound because Plaintiffs do not offer any Rule 23 "expert report" in support of their class certification motion. See Defendants' Opposition to Plaintiff's Motion for Class Certification [Doc. No.130], pp.4-5. Defendants' assertion is fundamentally flawed because, as the First Circuit correctly noted in *Nieves-Villanueva v. Soto-Rivera* [133 F.3d 92 (1st Cir. 1997)], "[e]ach courtroom comes equipped with a 'legal expert,' called a judge … ." (quoting *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997)). This Honorable Court is the Rule 23 expert, and to infer anyone else (*i.e., a hired expert*) should decide the question of class certification in this matter is incorrect. Similarly, to the extent Defendants' postulate that Plaintiffs' lack of a merits based expert eradicates Plaintiff's certification petition is incorrect. As this Honorable Court well knows, Plaintiffs are not required to *try* their case at the class certification stage. Discovery is ongoing in this matter. Nevertheless, and contrary to Defendants' contention, Plaintiffs have provided ample evidence and allegations for this

---

[4] See also *Wachtell v. Guardian Life Ins. Co. of America*, 453 F.3d 179, 186 n. 8 (3rd Cir. 2006) (*discussing Rule 23(c)(1)(C) and difficulties inherent in early class certification decision by allowing amendment if circumstances genuinely warrant*); see also *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("*District courts are permitted to limit or modify class definitions to provide the necessary precision*"), cert. denied, 125 S.Ct. 277 (2004); see also *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989) ("*[I]t is certainly within this court's discretion to limit or redefine the scope of the class.*"); see also *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985) ("*The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class.*").

1  Honorable Court to make the necessary determination as to the propriety of the class action

2  vehicle.

## II.    LEGAL ARGUMENT

### A.    The "100%/All Natural" moniker is a material representation

Just as was done in moving for summary judgment, Defendants mischaracterize the respective Plaintiffs' deposition testimony to convince this Honorable Court that Plaintiffs did not purchase the offending beverage products in reliance on the " 100%/All Natural" moniker. See Defendants' Opposition to Motion for Class Certification [Doc. No.130], pp.13-15.  As set forth in Plaintiffs' *Opposition to Defendants' Motion for Summary Judgment to Dismiss*, in which Plaintiffs' address this same issue, Plaintiffs' need not demonstrate the "100%/All Natural" representations were the sole basis for their purchases.  See Plaintiffs Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125], pp.7-9 citing *In re Tobacco II Cases*, 46 Cal.4th 298, 326-27, 328 (2009) (*emphasis added*).  As set forth with specificity in Plaintiffs' summary judgment opposition, a perfunctory reading of the respective Plaintiffs' deposition testimony evidences they each purchased the offending products, *at least* in part, on the "natural" moniker.  *Id.*; see also Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) at pp.31-32, lines 23-1, and p.154, lines 18-25, and Exhibit B (*Deposition of Serena Algozer*) at p.36, lines 5-6, p.50, lines 7-13, pp.63-64, lines 16-4, p.68, lines 5-16, p.121, lines 15-21, p.124, lines 8-11, and p.172, lines 11-14.  Thus, the labeling/branding of Defendants' beverages as "100%/All Natural" was a material representation to both Plaintiffs' purchasing of the beverage product(s) at issue.[5]

---

[5] Whether the testimony of "other reasons" Plaintiffs' purportedly purchased the products at issue is admissible at trial is questionable.  In light of the objective reasonable California consumer test, introduction of other reasons the respective Plaintiffs' may have purchased the products as evidence, other than the "100%/All Natural" labeling, is speculative at best.  There is an evidentiary argument that the respective Plaintiffs' individual, subjective reasons for their purchases are irrelevant [See FEDERAL RULES OF EVIDENCE 401 and 402], will cause juror confusion in light of the objective test standard [See FEDERAL RULE OF EVIDENCE 403], and will be prejudicial to the class/absent class members claims [See FEDERAL RULE OF EVIDENCE 403].

**B.      Plaintiffs' each suffered "Injury in Fact"**

As set forth in *Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss* [Doc. No.125, pp.4-6], the UCL clearly allows a plaintiff to seek injunctive relief when he "***has suffered injury*** in fact and ***has lost money or property*** as a result of the unfair competition." CAL. BUS. & PROF. CODE §17204 (*emphasis added*); see also *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 325 (2011) ("[E]conomic injury is itself a form of injury in fact, proof of lost money or property will largely overlap with proof of injury in fact."). Indeed, injunctive relief is "the primary form of relief available under the UCL." *Kwickset.* at 337 (quoting *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009)). Plaintiffs' need only have suffered *past* injury in order to seek injunctive relief. See *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 790 (2010). Under this standard, the present Plaintiffs' have proper standing since the Plaintiffs' have lost money: they paid for products they thought contained only natural ingredients and not synthetic, man-made ingredients. That loss of money was the direct and proximate result of Defendants' unfair business practice: the labeling and branding of their beverage products as "100%/All Natural" when they were not. See Declaration of G. Richard Baker in Support of Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) at p.56, lines 8-25, p.61, lines 5-9, p.97, lines 7-9; see also *Id.* at Exhibit C (*Declaration of Lauren Ries*) and Exhibit D (*Declaration of Serena Algozer*).

Since the Plaintiffs' lost money by virtue of their purchases they may seek injunctive relief under section § 17203 (authorizing, without limitation, "[a]ctions for relief pursuant to this chapter"). Thus, "injury in fact" as to each respective Plaintiffs' UCL, FAL, and CLRA claims exists and Defendants' argument to the contrary is simply wrong. See *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011) (to the extent the class members have been relieved of their money, they have suffered an "injury in fact"). Plaintiffs' seek repayment of specific, individual monetary amounts [See Declaration of G. Richard Baker in Support of Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit C (*Declaration of Lauren Ries*) and Exhibit D (*Declaration of Serena Algozer*)] *and* an award of restitution which will deter the Defendants' from continuing their false and misleading activities. Plaintiffs'

also allege "unjust enrichment"[6] and seek Plaintiffs' disgorgement of the ill-gotten gains Defendants have received for their deceptive and misleading actions to deter future similar wrongful conduct (i.e., "unjust enrichment")[7].

Just as was the case in *Koh v. S.C. Johnson & Son* [2010 WL 94265 (N.D. Cal. Oct. 14, 2010)], where the plaintiff challenged specific product labeling, the present Plaintiffs' likewise assert that the wrongful conduct is and continues to be universal, applicable to the specific labeling of Defendants' wide range of beverage products displaying the moniker "100%/All Natural". See *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766 (N.D. Cal. July 20, 2012); see also *Carideo v. Dell, Inc.*, 706 F.Supp.2d 1122 (W.D. Wash. 2010). The labeling and branding of the products at issue in the case at bar is more than "sufficiently similar", universally speaking, in their material representation (i.e., "100%/All Natural") for Plaintiffs to properly pursue their claims through the class action mechanism.

### C.     "Numerosity" is met

Defendants' do not contest numerosity and, thus, concede this prong of class certification. Instead, Defendants' argue that the definition of the proposed class is so vague (*ill-defined, overly broad, etc.*) as to defeat class certification. See Defendants' Opposition to Plaintiff's Motion for Class Certification [Doc. No.130], pp.1, 11-13. As stated above, not only is the class definition "precise, objective, and presently ascertainable" [*O'Conner*, at 319], but Rule 23(c)(1)(c) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." FED. R. CIV. P.  23(c)(1)(c). Thus, this Honorable Court possesses authority to redefine and/or modify the definition proposed and/or create subclasses as it sees fit. Consequently, numerosity is met and Defendants' arguments as to flaws of the class definition fail.

---

[6] "'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Assoc's. Ltd. v. Wilson*, 7 Cal.App.4th 1439, 1448 (1992).

[7] A claim for unjust enrichment entails: (1) the receipt of a benefit; and (2) unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000).

**D.     Typicality,  Adequacy, and Commonality are met**

**1.     "TYPICALITY"**

Typicality does not require that the Plaintiffs' have claims *identical* to those of absent class members.  Rather, "[t]he test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 2012 WL 3104620, *10 (9th Cir. August 01, 2012) (quoting *Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)*); see also *Hanon v. Dataproducts Corp., 976 F.2d 497, 508-09 (9th Cir.1992)* (typicality focuses on the claims and defenses asserted, not the specific facts).  Rather than being atypical, as Defendants' claim, the present Plaintiffs reacted to the "100%/All Natural" labeling/branding of the product exactly as Defendants intended - after viewing the "100%/All Natural" labeling, Plaintiffs purchased Defendants' products based, at least in part, on the "100%/All Natural" signature.  See Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) at pp.31-32, lines 23-1, and p.154, lines 18-25, and Exhibit B (*Deposition of Serena Algozer*) at p.36, lines 5-6, p.50, lines 7-13, pp.63-64, lines 16-4, p.68, lines 5-16, p.121, lines 15-21, p.124, lines 8-11, and p.172, lines 11-14.

Defendants purposely mischaracterize the respective Plaintiffs' deposition testimony to convince the Court the Plaintiffs were not damaged in this case despite the respective Plaintiffs asserting they want their money paid back (*i.e., restitution*) for their purchases.  See Declaration of G. Richard Baker in Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) at p.56, lines 8-25, at p.61, lines 5-9, Exhibit C (*Declaration of Lauren Ries*) and Exhibit D (*Declaration of Serena Algozer*).  Plaintiffs have suffered an actual, concrete, monetary injury is and nothing in their respective testimony refutes this fact.  Any alleged contradiction in the respective Plaintiffs' testimony is nothing more than a demonstration that the respective Plaintiffs are not lawyers.  Consequently, as non-lawyers, Plaintiffs' do not know and should not be expected to know the intricacies of the

allegations, legal jargon/terms of art, and/or the specific legal or equitable claims and remedies available to them.[8]  All in all, the typically requirement of class certification is met.

### 2. "ADEQUACY"

Plaintiffs readily satisfy the adequacy requirement(s).[9]  First, as demonstrated by the testimony cited above (*i.e.*, *§ 1. Typicality, supra*), Plaintiffs' claims are not "antagonistic" nor "atypical" to those of the class which they seek to represent; their claims are not in conflict with the claims of the absent class members.  See *Evon*, *11; see also *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008); see also *Amchem Prods., Inc. v. Windsor*, 117 S.Ct. 2231, 2245 (1997) (citing FED. R. CIV. P. 23(a)(4) - "*representatives 'will fairly and adequately protect the interests of the class'*").  So long as the Plaintiffs' interests are not adverse to those of the class, and as long as Plaintiffs continue to prosecute this action, as long as they were a "class member" at some point during the duration of the class period, they are adequate class representatives.  See *In re U.S. Fin. Sec. Lit.*, 69 F.R.D. 24 (S.D. Cal. 1975); see also *In re Diasonics Sec. Lit.*, 599 F.Supp. 447 (N.D. Cal. 1984) (*noting that, in absence of evidence the*

---

[8]  A Plaintiff/Class representative need not be sophisticated in the law and legal theories which make the basis of his claim.  See *Surowitz v. Hilton Hotels, Inc.*, 86 S.Ct. 845 (1966); see also *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430 (M.D. Fla. 2000) (Rule 23 does not require that the named plaintiff understand all of the intricacies of the lawsuit in order to adequately represent the class.).  See also *Rivera v. Fair Chevrolet Geo Partnership*, 165 F.R.D. 361 (D. Conn. 1996) (where the court held that despite the fact that plaintiff's deposition testimony demonstrated his understanding of the case was sketchy, more important was the fact he understood his duties and responsibilities as a class representative); see also *Lewis v. National Football League*, 146 F.R.D. 5 (D.D.C. 1992) (Holding that Rule 23(a)(4) does not require the class representative to possess extensive knowledge of their case – the named plaintiffs were not only willing to participate in the litigation but had already participated); see also *Lerner v. Haimsohn*, 126 F.R.D. 64, 67 (D. Colo. 1989) ("Generally, as long as the plaintiffs, as class representatives, know something about the case, even though they are not knowledgeable of the complaint's specific allegations, the class should be certified.").

[9]  Defendants' apparently concede "adequacy of representation" as to Plaintiff's counsel as Defendants assert no legally or factually supported challenge to Plaintiffs' counsels legal capabilities, knowledge, or experience to act as class counsel.  "[T]he adequacy-of-representation requirement is satisfied as long as one of the class representatives is an adequate class representative."  *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 n. 2 (9th Cir. 2001); 7A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1765, at 326 (2005) ( "[I]f there is more than one named representative, it is not necessary that all the representatives meet the Rule 23(a)(4) standard; as long as one of the representatives is adequate, the requirement will be met.").

*putative named plaintiffs were inadequate, named plaintiffs could not be disqualified on grounds they resided outside the U.S.*).  Second, contrary to Defendants' contentions, Plaintiffs' have prosecuted and will continue to vigorously prosecute this action; Plaintiff Ries has testified (i) she authorized her complaint to be filed, (ii) is aware that the "fruit" claims were dismissed as part of one of Defendants' 12(b)(6) petition,  (iii) is aware that a First Amended Complaint was filed that did not include the "fruit" claims, (iv) is aware of her economic claim for restitution, (v) understands that "by bringing this lawsuit" she will "have to put in a certain amount of time in the case"; (v) believes Defendants' "labeling the products all natural, or 100 percent natural" when they "don't have all natural ingredients" is "a scheme"; (vi) wants Defendants' to "change their labels" and/or "change their ingredients" as "part of this case" ("to have the labeling changed or the ingredients"); (vii) understands "as a class representative " who she is "trying to represent" is limited to "California residents".  <u>See</u> Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) p.62, lines 7-8; p.69, lines 17-22; p.70, lines 18-22; pp.61, lines 4-7 and pp.82-83, lines 20-1; p.94, lines 18-21; p.114, lines 10-17 and p.115, lines 5-15; p.118, lines 11-16 and p.126, lines 1-6; pp.124-125, lines 18-2.  Similarly, Plaintiff Algozer has testified (i) she understands the claims in this case deal with "high fructose corn syrup and citric acid"; (ii) understands high fructose corn syrup to be "highly processed" and "altered from its natural state" making it "manmade"; (iii) believes Defendants" labeling of their "100%/All Natural" beverages is deceptive "[i]f it says all natural and it has high fructose corn syrup in it" and/or "if it has citric acid in it" and that these are her claims;  (iv) reviewed the complaint and authorized "the filing of this lawsuit"; (v) understands why the amended complaint was filed - i.e., because the "fruit" claims were dismissed; (vi) contends it is "not reasonable to require consumers to look at the statement of ingredients on the back of the label" to determine whether the representation "100%/All Natural" on the front is "truthful";  <u>See</u> Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit B (*Deposition of Serena Algozer*) p.16, lines 15-24; p.34, lines 7-17; p.50, lines 7-13 and p.51, lines 14-17; p.55, lines 14-24; pp.55-56,

lines 25-13; p.68, lines 12-16 and p.99, lines 8-11.  Thus, not only have both Plaintiffs' sat for lengthy depositions and answered lengthy written discovery, but both Plaintiffs' possess sufficient knowledge of the litigation to act as class representative, and are therefore "adequate" to serve as named class representatives in this matter.[10]   Although it is true that a class representative should not obtain *all* knowledge of the case from counsel, Defendants cannot demonstrate either Plaintiff relied *solely* on their counsel for all of their knowledge of this case.  See *Brown v. Brewer*, 2009 WL 1574556, *4 f.5 (C.D. Cal. May 29, 2009).  Defendants likewise have not, and cannot show either Plaintiff lacks *any* independent knowledge of the facts in this case.

Further, Defendants contend a conflict exists between the Plaintiffs' and one of their counsel.  "It is enough that the representative understand the gravamen of the claim" and "[a] class representative does not need to have "fine-grained knowledge" of the case and claims of her claims in order to be an adequate representative  *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).  As the respective Plaintiffs' depositions demonstrate they possess an ample understanding of the claims and case at issue, they are adequate representatives for the putative class.  Consequently, as there is no evidence either Plaintiff is unwilling to fulfill their role as a class representative, the adequacy requirement of Rule 23 is met and no valid reason exists to disqualify them; specifically, a social connection to one of their counsel.

### 3.   "COMMONALITY"

Where a common scheme of deceptive conduct is alleged, as is the case here, common questions of law and/or fact exist.  "Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality

---

[10] Defendants' contention that this case is "attorney driven" is not a legally persuasive argument against class certification here.  See *Evon*, *11 (noting "there is nothing in the record that supports the district judge's conclusion that [the plaintiff] was not qualified to represent the class", and that "consumer protection statute[s are] intended to permit, even encourage, attorneys like [plaintiff's counsel] to act as private attorney generals to pursue [consumer protection] claims.").

exists." *Parra v. Bashas', Inc.,* 536 F.3d 975, 978–79 (9th Cir.2008); see also *Wal–Mart Stores Inc.*, at 2551 ("What matters to class certification ... is not the raising of common 'questions' - even in droves - but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.").   The seminal issue in this case is whether Defendants' violated California's UCL, FAL, and/or CLRA by labeling, branding and selling their beverages products as "100%/All Natural" despite containing high fructose corn syrup and/or citric acid.[11]   The Plaintiffs' and putative class members were (*and unknown class members continue to be*) exposed to the same deceptive and misleading "100%/All Natural" product branding. See *Evon*, at *10 ("The class members here have all suffered the same injury - they received a debt collection letter at their place of employment without first giving their consent, in violation of the FDCPA.")   Plaintiffs' claims are common contentions among the proposed class and a determination as to their misleading and/or deceptive nature is not only the pivotal question in this lawsuit, but is capable of determination "in one stroke."   *Id.* at *9 (quoting *Wal–Mart Stores Inc.*, at 2551).   Thus, for all the same reasons set forth herein, in Plaintiffs' Motion for Class Certification [Doc. No.116 and 117], and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment [Doc. No.125], both fully briefed with exhibits, the commonality prong of Rule 23 is conclusively met.

### E.   Certification under Rule 23(b)(2) is proper

Defendants argue, somewhat circuitously, that the requirements of 23(b)(2) are not satisfied because money "damages" predominate, require individualized determinations, and that there is some lack of cohesiveness amongst the Plaintiffs' and putative class members.[12]   However, Plaintiffs have met their burden of establishing the propriety of class action treatment under Rule 23(b)(2).

---

[11] The commonality element of Rule 23 can be met by raising a single common issue that is central to the class. See *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000) ("Most courts have construed the commonality requirement quite liberally. Not every issue in the case must be common to every class member" - noting the threshold of Rule 23(a)(2) is low).

[12] This argument is made contemporaneous with Defendants' assertion neither Plaintiff has suffered damage. See Defendants' Motion for Summary Judgment to Dismiss [Doc. No.111].

1    Moreover, given the labeling and branding at issue is so consistent, in the sense that all

2    class members and the Plaintiffs' themselves were exposed to a universal misleading and

3    deceptive material representation, certification under subsection (b)(2) is proper because "a

4    single injunction or declaratory judgment [will] provide relief to each member of the class."

5    *Wal-Mart Stores, Inc.*, at 2557.  Again, the primary relief sought is stoppage of the labeling and

6    branding of Defendants' beverages as "100%/All Natural".   If Plaintiffs' equitable relief is

7    granted, the cessation of the wrongful conduct at issue can be resolved "in one stroke" with a

8    "single injunction or declaratory" order.  *Id.* at 2551, 2557, respectively.  Such relief will affect

9    the entire class, cohesively, all at the same time, in one action.

10          **F.     Equitable Restitution is Proper Under Rule 23(b)(2)**

11          Contrary to Defendants' arguments as to the inability to certify this case under Rule

12   23(b)(2), the ADVISORY COMMITTEE NOTES to Rule 23 specify that no limits exist as to the type

13   of actions that may be enjoined under 23(b)(2).  FED. R. CIV. P. 23 ADVISORY COMMITTEE'S NOTE

14   (1966 Amendments).  Although 23(b)(2) refers to requests for injunctive and declaratory relief,

15   "[o]nce the conduct of the defendant makes such injunctive or declaratory relief appropriate, the

16   full panoply of the court's equitable powers is introduced."  4 Newberg & Conte, NEWBERG ON

17   CLASS ACTIONS note 18, § 4.14.  Thus, the type of injunctive relief to which 23(b)(2) applies

18   becomes extremely broad-based if the term "injunction" is interpreted to mean "equitable", as

19   most courts suggest.  Interpreting "injunction" to mean "equitable" opens up the full array of

20   potential equitable claims, including claims for equitable accounting, disgorgement, restitution,

21   constructive trust, equitable estoppel, and rescission.  This reading of 23(b)(2) makes for a

22   perfect fit as to certification of the case at bar.

23          For example, back pay relief for employment classes has been characterized as "equitable

24   restitution" rather than legal damages.  See *Curtis v. Loether*, 94 S.Ct. 1005, 1010 (1974).

25   Although a strict claim for class wide monetary damages may only be pursued under 23(b)(3), a

26   claim for restitution, although having an arguable similar effect, is appropriate under 23(b)(2).

27   This doctrine has been firmly embraced by most circuits and has been cited with approval by the

28   United States Supreme Court, a fact apparently lost on Defendants.  *Id.* (commenting on the

appropriateness of back pay and disgorgement as equitable remedies based upon the discretion of the court).  Indeed, the United States Supreme Court, in ruling on what constitutes money damages, as opposed to equitable relief where money is awarded, commented favorably on disgorgement as an equitable remedy. *Curtis,* at 197 (1974). Thus, the *Curtis* Court importantly points out the broad discretionary power of the trial court to grant equitable relief. *Id.*

Present Plaintiffs respectfully request this Honorable Court invoke its equitable powers by requesting relief in the form of declaratory and injunctive relief, *and* equitable restitution. Defendants erroneously conclude that monetary damages predominate, making certification of this case under 23(b)(2) impermissible.  This position is untenable given the plain language of Rule 23, along with the committee notes and United States Supreme Court precedent. FED. R. CIV. P. 23 ADVISORY COMMITTEE NOTES (1966 Amendments); see also *Curtis v. Loether*, 94 S.Ct. 1005, 1010 (1974).  Just as back pay is characterized as "equitable restitution" so are monies paid back for falsely advertised and marketed beverages which reap profits.  The difference in the quantum of restitution due each class member is of no moment, and does not make the case inappropriate for class treatment under Rule 23(b)(2).

The ADVISORY COMMITTEE NOTES to Rule 23 make clear that without resort to case law, that damages are recoverable under Rule 23(b)(2), but such relief must neither be "exclusive" nor "predominate".  Specifically, the Committee states:

> This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole is appropriate ... .  The subdivision does *not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages.*

FED. R. CIV. P 23 ADVISORY COMMITTEE'S NOTE (1966 Amendments) (*emphasis added*).  In this case, Defendants have acted uniformly to all class members in deceptively mislabeling the products at issue.  Enjoining such illegal conduct is the primary relief sought, which will settle the legality of the behavior with respect to the class as a whole.  As such, equitable restitution is appropriate since Defendants will be enjoined from continuing their illegal conduct; specifically, deceptively labeling and branding their beverage products as "100%/All Natural" when they

contain high fructose corn syrup and/or citric acid.  The class as defined has significant common traits making a 23(b)(2) certification proper.  Each class member was subjected to the same false advertising, the "100%/All Natural" moniker and this inducement caused each class member to suffer the same identical harm - not getting the product advertised because the product contained high fructose corn syrup and/or citric acid; man-made, patented, synthetic ingredients..

Contrary to Defendants' assertion, certification is proper even though the amount of restitution due differs among class members depending on the number of products each purchased during the class period.  The presence of individualized damages does not prevent a finding that the common issues in the case predominate.  It would be error for the Court to focus solely on the "equitable restitution" sought.  Rather, the case provides an additional, important social benefit - deterrence.  "[t]he substantive right extended to the public by the UCL is the "' "right to protection from fraud, deceit and unlawful conduct" ' "(), and **the focus of the statute is on the defendant's conduct.**"  *In re Tobacco II Cases*, 46 Cal.4th 298, 324 (2009) (*emphasis added*) (quoting *Prata v. Superior Court*, 91 Cal.App.4th 1128, 1137 (2001)).  Recovering a significant aggregate sum from these Defendants' will deter similar wrongful practices in the future by them and by other similarly situated entities.  This deterrent exists regardless of any amount recovered by individual class members.  Moreover, the injunctive relief, the primary relief sought by the Plaintiffs, will prohibit future resumption of the wrongful activity and, hopefully, promote institutional change.  Consequently, this Honorable Court should certify this action under Rule 23(b)(2) to proceed as a class action.

## G.      Plaintiff Ries' Claims are Not Time Barred

Contrary to Defendants assertions, and as argued in *Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss* [[Doc. No.124] pp.21-23] Plaintiff Ries' CLRA claims are not time barred.  This, the Northern District Court, has held that the statute of limitations set forth in § 1783 should be interpreted from a "reasonable person" "discovery rule" standpoint, consistent with holdings of the highest court of the State of California as well as the Ninth Circuit:

The CLRA provides that actions "shall be commenced not more than three years from the date of the commission" of a method, act or practice made unlawful by the act. Cal. Civ. Code § 1783. **This statute of limitations runs "from the time a reasonable person would have discovered the basis for a claim."** *Mass. Mutual*, 97 Cal.App.4th at 1295, 119 Cal.Rptr.2d 190.

*Chamberlan v. Ford Motor Co.*, 369 F.Supp.2d 1138, 1148 (N.D. Cal. 2005) (*emphasis added*); see also *Massachusetts Mut. Life Ins. v. Superior Court*, 97 Cal.App.4th 1282, 1295 (2002); see also *Karl Storz Endoscopy American, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 857 (9th Cir. 2002); see also *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 806 (2004). Plaintiff Ries was not aware she had a legally cognizable claim until speaking with her attorney in the fall of 2009. See Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) p.38, lines 4-15; p.43, lines 16-17.

Considering the legislative mandate of § 1760, that the CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection" [Cal. Civ. Code § 1760], it cannot be said that Ries knew she had been *legally* wronged and had a *legal* means of redressing that wrong when she purchased Defendants' product in the summer of 2006. She did not possess knowledge of the availability of a legal remedy prior to speaking with her attorney in the fall of 2009. See Declaration of G. Richard Baker in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment to Dismiss [Doc. No.125-3], Exhibit A (*Deposition of Lauren Ries*) p.49, lines 13-21 (*emphasis added*). As such, Plaintiff Ries' claims are not time barred.

WHEREFORE, premises considered, Plaintiffs' request this Court grant their petition to certify this matter as a class action pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE and enter an *Order* consistent therewith.

DATED: September 13, 2012          s/ Richard Baker _____

1

2

3       BAKER LAW PC
        G. RICHARD BAKER (SBN: 224003)
4       richard@bakerlawpc.com
        524 Union Street, Suite 213
5       San Francisco, CA 94133
        Telephone: (415) 295-4814
6       Facsimile: (800) 866-6556

7   WILENTZ, GOLDMAN & SPITZER, P.A.
    KEVIN P. RODDY (State Bar No. 128283)
8   DANIEL R. LAPINSKI (*pro hac vice*)
    E-mail:  kroddy@wilentz.com
9   90 Woodbridge Center Drive, Suite 900
    Woodbridge, NJ
10  Telephone:  (732) 636-8000
    Facsimile:  (732) 726-6686
11
    JACKSON & TUCKER PC
12  JOSEPH L. TUCKER (*pro hac vice*)
    josh@jacksonandtucker.com
13  2229 First Avenue North
    Birmingham, Alabama 35203
14  Telephone: (205) 252-3535
    Facsimile: (205) 252-3536
15
    DL LAW GROUP
16  DAVID M. LILLIENSTEIN (SBN:  218923)
    david@dllawgroup.com
17  345 Franklin Street
    San Francisco, CA 94102
18  Telephone:  (415) 271-7169
    Facsimile:  (415) 358-8484
19
    *Attorneys for Plaintiffs*
20  *LAUREN RIES and SERENA ALGOZER*

21

22

23

24

25

26

27

28

Baker Law, P.C.

16